### COPE v. HAMPTON COUNTY.

1.  ACTION AGAINST MUNICIPALITY.—A county, being part of the State government, shares the State's immunity from suit, except in those cases where action against the county is authorized.

2.  IBID.—PENALTY—CHANGE IN STATUTE.—At the time when plaintiff's horse was injured on a county bridge while drawing a road-cart, action against the county for damages for such injury was allowed if the road did not exceed the ordinary weight; at the time of action brought, the law was amended so as to relieve the county of liability, if the defect was not occasioned by the county's negligence.  *Held*, that if the old law governed, the complaint was faulty in not negativing the exception ; but that the new law governed, and plaintiff could not recover because there was no negligence on the part of the county.

3.  IBID.—REPAIR OF BRIDGE—NEGLIGENCE—NONSUIT.—The testimony in this case showing that the defect in the bridge was caused by a recent flood, and that the county commissioners were very active in their efforts to repair it, there were no facts from which negligence could be inferred by the jury, and a nonsuit was proper.

4.  AMENDMENT AFTER APPEAL.—Leave by this court to amend a complaint refused, there having been no motion to amend on Circuit.

Before FRASER, J., Hampton, March, 1893.

Action by Riley Cope against Hampton County, commenced January 8, 1893.

2—42

*Mr. W. S. Tillinghast,* for appellant.

*Mr. James W. Moore,* contra.

July 26, 1894. The opinion of the court was delivered by

MR. JUSTICE McGOWAN. This was an action brought by the plaintiff against the County of Hampton for damages, on account of injury to a mare, the property of the plaintiff, alleged to have been sustained by the breaking of a decayed plank in a bridge, while the plaintiff was "riding the mare along a causeway, known as Hickory Hill causeway, a part of a public highway of Hampton County;" from the effect of which injury, it is alleged, the mare subsequently died. The plaintiff himself testified that when the injury was inflicted "he was in a road-cart, driving a very fine mare," &c., October 13, 1891. There was proof tending to show that about two weeks before the time of the alleged injury to the mare the swamp had been very full; there was no passing at all at that place. The planks on the bridge had been entirely carried away, but had been replaced. The county commissioners had advertised for proposals to repair the bridges and the bulk-heads of this causeway. A contract had been entered into for that purpose, and a notice that the bridges had been let out for repair, and that the county commissioners would not be responsible for any damages while crossing, had been, by direction of the commissioners, posted up on each side of the swamp. Under the contract above mentioned, this particular bridge was repaired.

When the plaintiff rested, a motion for a non-suit was made, which was granted, the presiding judge holding that the *allegata* was not sustained by the *probata,* as it appeared that the plaintiff was in a vehicle, instead of "riding," when the accident occurred; which variance would be important, if the law, as it existed before the amendment of 1892, applied to the case; for that declared that the "person so injured could not recover, if his *load* exceeded the ordinary weight," &c. But his honor held that the amendment of the law in 1892, making certain changes in the terms of section 1087 of the General Statutes,

was the law of the case; for the reason, that the action was not brought until after the passage of the act changing the law in important particulars; that the whole proceeding against the county is statutory, and not one of those which give a right from one individual to another; but fixes the terms upon which the government, or one of the governmental agencies, shall pay; and, therefore, it was absolutely and solely within the control of the legislature.   And so ruling, it was necessary for the plaintiff to bring himself within the terms of the act of 1892, and prove that "the alleged defect was occasioned by the neglect or mismanagement of the defendant county," which was not done, and, therefore, he granted the order of nonsuit.

From this order the plaintiff appeals upon the following exceptions: I. That it was error to rule, that there was such a variance between the allegations of the complaint and the proof of that paragraph which alleged that while plaintiff was "riding" his animal along the highway, &c., the proof being that the plaintiff was "riding in a road-cart" along the said highway and over the said bridge at the time the animal was injured, to warrant a dismissal of the plaintiff's complaint, &c.   II. That the question of "weight" being one of fact, should have been submitted to the jury for their consideration.   III. That it was error in the judge to rule that this action was to be controlled by the act of 1892, the injury having occurred prior to the passage of the said amendment.   IV. That it was error in the judge to rule that the county commissioners were not careless nor negligent, in allowing the plank on the bridge in the highway, which was rotten and decayed, and in which the said animal broke through and was crippled, to remain on the bridge on the said highway, to the danger of the traveling public. V. That the question of the carelessness or neglect of the county commissioners was one of fact, and should properly have been submitted to the jury.   VI. That it was error in the Circuit Judge to grant the order of nonsuit, dismissing the plaintiff's complaint.   VII. That it was error in the judge not to allow the case to go to the jury for their verdict.   VIII. That nonsuit was improper; amendment was the proper remedy, and plaintiff should have been allowed to amend his complaint.

This court has had occasion heretofore to hold, that counties being merely parts of the State government, they partake of the State's immunity from liability. The State is not liable except by its own consent, and so the county is exempt from liability, unless the State has consented. Their liabilities, whether grounding in tort or contract, are the mere creatures of statutes; and they possess no power and can incur no obligations except such as are expressly provided for by statute. In the absence of statute, there is no county liability. This State has statutory regulations upon the subject.

The law in existence before 1892 made the county liable for injuries, without reference to negligence, but declared, among other things, that such damage should not "be recovered by the person so injured, if his load exceeded the ordinary weight," &c. On December 19, 1892, after this accident occurred, but before the action was brought, the legislature amended section 1087 of the General Statutes, so as to read: "Provided, such person has not in any way brought about such injury or damage by his own act, or negligently contributed thereto, &c.; and provided further, that such county shall not be liable, unless such defect was occasioned by its neglect or mismanagement," &c. Under these circumstances it was insisted that the plaintiff had vested right to have his case considered solely with reference to the law as it stood before 1892; but that the judge erroneously held, that if the plaintiff was entitled to have his case decided under the old law, he must take the whole of it; and there was no allegation in the complaint as to "weight," &c. And if the plaintiff was brought under the law as amended, there was no proof of "negligence" on the part of the county commissioners, but precisely the reverse. We cannot say that this was error. As it seems to us, the liability allowed by statute is somewhat in the nature of a penalty imposed for doing that which the statute prohibited, or for omitting to do that which the statute required, the amount recoverable, on the conditions named, to be fixed by the jury instead of the statute. It is well settled that an action for a penalty must be brought while the statute is in force, because the repeal of the statute takes away the right of

action. "The statute under which the penalty is sought to be recovered must be of force at the rendition of the judgment; and if that be the true principle, it follows necessarily that if there be no law, the court can render no judgment," &c. *Allen* v. *Farrow,* 2 Bail., 586; *State* v. *Solomons,* 3 Hill, 96. The plaintiff in such a case has no common law remedy. The right derived is solely from the statute, and the remedy must be furnished by that statute. *Kennedy* v. *Reames,* 15 S. C., 552; *Sternberger* v. *McSween,* 14 *Id.,* 35.

But conceding that the rights of the plaintiff should be determined by the amended law of 1892, the only one now of force, it is further urged, that the alleged carelessness of the county commissioners being a question of fact, should have been left to the jury, and that it was error not to do so. It is true, that was a question of fact; but, as it seems to us, there was no evidence whatever to sustain it. On the contrary, it appeared that the commissioners were very active in their efforts to repair the injuries inflicted by a then recent storm and freshet. The judge is not bound to send to the jury every case in which there is any testimony as to facts. As was said by this court in the case of *Couch* v. *Railroad Company,* 22 S. C., 557: "As we understand it, negligence is not a simple fact in itself, but is rather an inference from facts. It is certainly the duty of the judge to define what it is, and it seems that it is also his right to determine, as a preliminary question, whether there is any evidence to make a *prima facie* case, and if not, he may grant a nonsuit. In other words, it is for the judge to say whether there are any facts in evidence from which negligence may be reasonably inferred, and it is for the jury to say whether from these facts, when submitted to them, negligence ought to be inferred," &c.

There was no motion made in the court below to amend the proceeding.

The judgment of this court is, that the judgment of the Circuit Court be affirmed, and the appeal dismissed.