## NOHRDEN v. NORTH EASTERN R. R. CO.

1. PLEADING—MOTIONS TO MAKE DEFINITE—NEGLIGENCE—RAILROADS. —WHEN A COMPLAINT in an action by an administrator against a railroad company, under the statute for negligently killing his intestate, does not definitely state the person for whose benefit the action is brought, the plaintiff may, upon motion, be required to so amend it.

2. IBID.—ORDINANCES.—The title, date and authority for passage of a city ordinance are only necessary to be pleaded in cases to enforce a duty imposed by such ordinance. *City Council* v. *Ashley,* 34 S. C., 541, *distinguished from this.*

3. IBID.—ADMINISTRATION sufficiently pleaded in this case.

4. DAMAGES—RAILROADS—NEGLIGENCE.—Exemplary or punitive damages cannot be recovered against a railroad under the statute (Rev. Stat., 2315, 2318), for negligently killing a person.

Before BENET, J., Charleston, April, 1898. Reversed.

Action by Wm. C. Nohrden, as administrator of Harold Wm. Nohrden, against North Eastern Railroad Company. From verdict and judgment for plaintiff, defendant appeals.

*Messrs. Fitzsimons & Moffett,* for appellant, cite: *Error*

*to charge that plaintiff could recover vindictive damages:* 53 S. C., 448. *Refusal to charge correct legal request error:* 39 S. C., 108; 46 S. C., 203. *Complaint must state beneficiaries definitely:* Rev. Stat., 2316; 32 S. C., 142. *City ordinance was not properly pleaded:* 34 S. C., 541; 21 S. C., 323; 47 S. C., 484; 53 S. C., 575; 30 S. E. R., 152; 48 N. E. R., 446; 39 S. C., 514; 49 N. E. R., 521. *Negligence as to trespassers:* 10 M. & W., 545. *Does not apply:* 23 S. C., 531; 34 S. C., 292. *Railroad company not required to give signals in its own yard in shifting:* 34 S. C., 292.

*Messrs. Murphy & Legare* and *W. St. Julien Jervey,* contra. The latter cites: *Order refusing to require complaint to be made definite will not be disturbed unless in abuse of discretion:* Code, 181; 53 S. C., 222. *Ordinance properly pleaded for purposes of this case:* 30 Ala., 538; 15 N. E., 802; 94 N. C., 880; 18 P., 677. *Portions of charge will not be considered:* 35 S. C., 353; 40 S. C., 359. *Defense of contributory negligence must be pleaded to be raised:* 51 S. C., 79, 150. *Railroad company must use reasonable care to discern persons walking on its tracks:* 29 S. W., 232; 40 Neb., 645, 660; 71 Miss., 237; 114 N. C., 728; 25 Or., 433; 38 Pa., 957; 59 Mo. App., 626; 39 N. E., 672; 38 P., 957; 12 Ohio Cir. Ct. R., 710; 37 S. W., 764; 27 S. E. R., 20; 26 S. E. R., 42; 40 S. W., 344; 12 S. W., 764; 35 Atl., 513. *General exception will not be considered:* 42 S. C., 125; 44 S. C., 548. *Punitive damages are intended to punish the wrong-doer:* 34 S. C., 323; 35 S. C., 486. *And should apply in this case:* 57 Me., 202; 2 Am. R., 45. *"Travelled place:"* 33 S. C., 136; 34 S. C., 300, 450.

March 25, 1899. The opinion of the Court was delivered by

MR. CHIEF JUSTICE MCIVER. This action was commenced on the 27th of January, 1898, to recover damages sustained by the death of the intestate, caused, as alleged, by

the negligence of the defendant company on the 8th day of September, 1897. The action is, therefore, brought under the provisions of the statute, commonly called Lord Campbell's Act, now incorporated in the Revised Statutes of 1893 as sections 2315-2318. The provisions of sec. 2316, as amended by the act of 1893—21 Stat., 523—are as follows:

"Every such action shall be for the benefit of the wife, husband, parent and children of the person whose death shall have been so caused; and if there be none such, then for the benefit of the heirs at law or distributees of the person whose death shall have been so caused as may be dependent on him for a support * * * and the amount so recovered shall be divided among the before-mentioned parties in such shares as they would have been entitled to if the deceased had died intestate, and the amount recovered had been personal assets of his or her estate." In *Lilly* v. *Railroad Company,* 32 S. C., 142, it was held that unless it is alleged in the complaint that the parties for whose benefit the action is brought bears the relationship to the intestate above mentioned, the complaint states no cause of action, and is demurrable. In *Reed* v. *Railroad Company,* 37 S. C., 42, it was alleged that the intestate died leaving surviving him his father (who has since died), his mother, his wife, and four minor children, naming them (one of whom has since died), and that the action was brought for the benefit of the wife, and the three surviving children, and the mother of said intestate. The Court held that although the mother was improperly included amongst the beneficiaries, that error could be corrected by striking out her name, and overruled the demurrer so far as based upon that error. That case shows that, in ascertaining who are the beneficiaries in a given case, the language in the latter part of section 2316 of Revised Statutes declaring that the amount recovered "shall be divided among the before mentioned parties in such shares as they would have been entitled to if the deceased had died intestate, and the amount recovered had been personal assets of

his or her estate," must not be overlooked.    In other words, that only those of the classes mentioned in the first part of the section—"wife, husband, parents, and children"—can share in the distribution of the amount recovered, who would have been entitled under the statute of distributions, to share in the personal estate of the intestate. Hence, where, as in the Reed case, the intestate died leaving a widow and children, neither his father nor his mother could be included among those for whose benefit the action was authorized to be brought.    It is scarcely necessary to say that though this section has been further amended by an act approved 11th February, 1898—22 Stat., 788—such amendment cannot be applied to this case, as it was not adopted until after the cause of action arose, and after this action was commenced.    The first question presented by this appeal, which we propose to consider, is whether it was error to refuse the motion to make the complaint more definite and certain, by stating whether the intestate "left a wife surviving him, or whether the alleged parent, William C. Nohrden, for whose benefit alone this action is brought, is the only party beneficially entitled under section 2316 of the Revised Statutes (1893) of South Carolina."    Under the law as above stated, it seems to us clear that the plaintiff should have been required to amend his complaint by incorporating therein such a statement of facts as would show that he was the only person for whose benefit the action could be brought.    The only allegation in the complaint upon this subject, repeated *in totidem verbis* in the statement of the several causes of action set forth in the complaint, is as follows: "That the said Harrold William Nohrden left surviving him his father, William C. Nohrden, who has been injured by his death to his damage $5,000, for whom and for whose benefit this action is brought."    This allegation is far from showing definitely and certainly that the plaintiff is a person for whose benefit such an action as this may be brought, and most unquestionably it does not show that he is the only person for

whose benefit the action may be brought.   For while it is, no doubt, true that the plaintiff did survive his son, yet if the intestate died leaving also a wife and child or children him surviving, then the complaint fails to show, definitely and certainly, that the person for whose benefit the action is alleged to have been brought is the person entitled to such benefit.   It may be, and probably is, the fact that the plaintiff is the only person entitled to the benefit of the action; yet as the complaint does not state that fact—certainly not definitely and clearly—there was error in refusing the motion to require the plaintiff to make his complaint more definite and certain in this respect.   But we do not deem it necessary to say anything more on this point, as it is of but little importance, inasmuch as the plaintiff can very easily amend his complaint in this respect before the new trial, which will be ordered on another ground, can be had; and he is hereby given leave to do so.

The second ground upon which this motion is based, or rather the second defect in the statements of the complaint relied on to support the motion, is in the failure to state, in paragraph 2 of the third cause of action, certain facts, cannot be sustained.   The defect relied on is the failure to state "the title, date and authority for passage and publication of the alleged revised ordinances of the city of Charleston, and the substance of the alleged section 605 thereof, and the same with regard to the alleged amendment thereto, referred to" in said paragraph.   This is not an action to enforce the performance of any duty imposed by an ordinance of the city of Charleston, or to enforce the payment of any tax or penalty imposed by such ordinance, but the cause of action here is the negligence of the defendant company resulting in the death of the intestate, and the ordinances of the city are only referred to as showing such negligence.   The case of *City Council* v. *Ashley Phosphate Co.*, 34 S. C., 541, relied on by counsel for appellant, does not, therefore, apply to this case.

The third feature in which the complaint is claimed to be

defective is in failing to allege that the plaintiff *is now* the duly qualified administrator of the intestate. A sufficient answer to this point will be found in the allegation in the complaint as follows: "That letters of administration have been granted by the probate court of Charleston County unto the plaintiff, William C. Nohrden, on the 21st day of January, A. D. 1898, who thereupon duly qualified as such administrator, and entered upon the discharge of the duties of said office." If the plaintiff were appointed and qualified as administrator only six days before the action was commenced, and less than a month before the motion was heard, it seems idle to say that there would be any doubt that he was still the administrator when the action was commenced and when the motion was heard; for, as matter of law, he could not complete his duties as administrator so as to become entitled to his discharge within that time, and there is not the slightest intimation, even in the argument, that his letters of administration have ever been revoked.

Our next inquiry is whether there was error in overruling the demurrer to the third cause of action set out in the complaint, based upon the omission to set out the title or substance of the ordinance of the city council of Charleston, referred to in paragraph 2 of the third cause of action; and also upon the ground that there is no allegation that said ordinance authorized an action of a civil nature for its violation, or that such ordinance contained no provision for its enforcement or remedy for its violation. This has been disposed of by what we have already said in considering the motion to make the complaint more definite and certain. There was no error in overruling the demurrer.

The only remaining question which we propose to consider is that presented by the sixth and seventh exceptions, in which error is imputed to the Circuit Judge in refusing to charge, as requested, that "no exemplary, punitive or vindictive damages can be recovered in this case," and in charging, on the contrary, that such damages

32—54

could be recovered in this action, if the injury complained of was done "wantonly, wilfully or through gross negligence." This question has been conclusively determined in the very recent case of *Garrick* v. *Florida Cen. & Pen. R. R. Co.*, 53 S. C., 448, where this Court, after able and elaborate argument, and upon full and careful consideration, determined that, in an action like this, exemplary damages cannot be recovered; and we have not seen or heard anything since that decision was made, sufficient to warrant a reconsideration of the question. These exceptions must, therefore, be sustained. As to the other questions presented by the exceptions, we do not deem it necessary or profitable to consider them, as they may not arise on the new trial which must be ordered.

The judgment of this Court is, that the judgment of the Circuit Court be reversed, and the case be remanded to that Court for a new trial, with leave to the plaintiff to amend his complaint as hereinabove indicated.