22775

Torrie TAYLOR, Appellant v. Douglas MURPHY and The City of Columbia, Respondents.

Beverly MOBLEY, Appellant v. CHECKER YELLOW CAB and City of Columbia, Defendants, of whom City of Columbia is Respondent.

(360 S. E. (2d) 314)

Supreme Court

*Christopher G. Isgett* of *Lee, Eadon & Isgett,* Columbia, *for appellants.*

*Danny C. Crowe* of *Turner, Padget, Graham & Laney,* Columbia, *for respondent Douglas Murphy.*

*James S. Meggs* and *Joseph Wettlin Office of City Atty.*, Columbia, *for respondent City of Columbia.*

*William O. Sweeney, III*, Columbia, *for defendant Checker Yellow Cab.*

LITTLEJOHN, Acting Associate Justice:

These two cases, consolidated for appeal, involve the issue of whether the General Assembly's repeal of S. C. Code Ann. § 15-77-210 *et seq.* (1976) extinguished appellants' tort claims against the City of Columbia. In both cases, the circuit court held it did. We agree and affirm.

Heard May 18, 1987.

Decided Aug. 24, 1987.

## FACTS

In the first case, appellant Taylor was involved in a three-car collision on May 23, 1985. One of the vehicles was owned by respondent City of Columbia (City). Respondent Murphy, an employee of City, was the driver. Taylor filed an action for personal injuries in November 1985. Murphy and City timely answered.

In the second case appellant Mobley, while riding as a passenger on December 13, 1985, in a vehicle owned by Checker Yellow Cab (Checker), was injured in a collision with a truck owned by City. Mobley brought an action against Checker and City in May 1986. Checker answered and is not a party to this appeal.

On April 18, 1985, this court issued the opinion of *McCall v. Batson*, 285 S. C. 243, 329 S. E. (2d) 741 (1985) which abolished the common law doctrine of sovereign immunity. Under its prospective application, recovery in cases filed before July 1, 1986, was limited to the extent of a governmental defendant's liability insurance coverage.

On July 1, 1986, the South Carolina Tort Claims Act, Act No. 463, 1986 S. C. Acts 3001, became effective, codifying the *McCall v. Batson* ruling. Section 2 of the Act repeals § 15-77-210 *et seq.*, the South Carolina Governmental Motor Vehicle Tort Claims Act, upon which both Taylor and Mobley rely in their respective actions against City.

On July 9, 1986, Murphy and City moved to amend their answer to allege sovereign immunity as a defense against Taylor based upon the terms of the Tort Claims Act. They also moved for summary judgment. The circuit court granted both motions.

Similarly, on October 7, 1986, City moved to dismiss the Mobley action pursuant to Rule 12(b)(6), SCRCP, on the ground the enactment of the Tort Claims Act barred Mobley's claim. The circuit court granted the motion.

In neither case did City maintain applicable liability insurance coverage.

## DISCUSSION

As part of the Tort Claims Act, S. C. Code Ann. § 15-78-20(c) provides:

> As to those causes of action that arise or accrue prior to the effective date of this act, the General Assembly reinstates sovereign immunity on the part of the State, its political subdivisions and employees, while acting within the scope of official duty provided that sovereign immunity will not bar recovery in any cause of action arising or accruing on or before the effective date of this act if the defendant maintained liability insurance coverage.[1]

In addition, Section 3 of the Tort Claims Act provides:

> ... the provisions of Section 15-78-20(c) are applicable to *all* causes of action arising on or before the effective date of this Act. [Emphasis added].

As noted above, the Tort Claims Act also repeals the limited exception to sovereign immunity formerly contained in the Governmental Motor Vehicle Tort Claims Act. The repeal is absolute and there is no saving clause.

The general rule is that the repeal of a statute operates retrospectively, and has the effect of blotting the statute out completely as if it had never existed and of putting an end to all proceedings under it which have not

---

[1] This version of the statute appears in an amendment to the Tort Claims Act which became effective March 16, 1987.

been prosecuted to final judgment. *See McClohon v. Harlan*, 254 S. C. 207, 174 S. E. (2d) 753 (1970); 82 C. J. S. *Statutes* §§ 434 and 439 (1953). Moreover, where "the statute is regarded not as creating a right, but only as providing a remedy where none existed at common law, its repeal has the effect of taking away the remedy for acts or omissions occurring while the statute was still in force." 82 C. J. S. *Statutes* § 435, n. 1, citing *Cope v. Hampton County*, 42 S. C. 17, 19 S. E. 1018 (1894).

The effective date of the Tort Claims Act and the preservation of recovery where liability insurance coverage exists are consistent with this court's ruling in *McCall v. Batson*, *supra*. The statutory exception to the common law rule of sovereign immunity, upon which both appellants rely, clearly has been repealed. This may cause hardship for appellants, but theirs is no more severe than that of other persons suffering injury at the hands of government prior to July 1, 1986, regardless of the cause of such injury.

As noted above, City did not maintain liability insurance applicable to either motor vehicle accident. Accordingly, neither appellant has a cause of action and the circuit court correctly granted the respective motions for summary judgment and to dismiss.

Affirmed.

GREGORY and FINNEY, JJ., concur.

NESS, C. J., and HARWELL, J., dissent.

NESS, Chief Justice (dissenting):

I strongly disagree with the majority and therefore dissent. The repeal of the South Carolina Governmental Motor Vehicle Tort Claims Act cannot divest appellants Taylor and Mobley of rights which had vested prior to repeal.

The majority correctly states the general rule regarding repeal of a statute. The statement, however, is incomplete.

"The general rule . . . is that repeal of a statute has the effect of blotting it out as completely as if it had never existed and of putting an end to all proceedings under it. [Citations omitted.] *But it is equally well settled that a*

*repealing act ought not be construed, . . . . to affect rights which have already vested under the act repealed . . . "*

*South Carolina Mental Health Commission v. May,* 226 S. C. 108, 83 S. E. (2d) 713, 716 (1954), citing *Duke Power Company, et al. v. South Carolina Tax Commission,* 81 F. (2d) 513, 516 (4th Cir. 1936) (emphasis added). *See, City of Myrtle Beach v. Richardson,* 280 S. C. 167, 311 S. E. (2d) 922, 926 (1984) ["[v]ested rights . . . are not destroyed by repeal of a statute."]; *Vaughan v. Kalyvas,* 288 S. C. 358, 342 S. E. (2d) 617 (Ct. App. 1986). *See also, Hasell v. Medical Society of South Carolina, Inc.,* 288 S. C. 318, 342 S. E. (2d) 594, 595 (1986) ["[i]t is obvious that a statute enacted two years after the injury cannot be used to deny appellant rights which she enjoyed at the time of the injury."]; *Nohrden v. North Eastern R.R. Co.,* 54 S. C. 492, 32 S. E. 524 (1899).

This rule is consistent with the rule in other jurisdictions. A legislative act which establishes immunity for tortious acts cannot be applied retroactively to divest an injured party the right to recover in tort for his injuries. *LaParre v. Y.M.C.A. of the Oranges,* 30 N. J. 225, 152 A. (2d) 340 (1959); *Cusick v. Feldpausch,* 259 Mich. 349, 243 N. W. 226 (1932). Once a cause of action accrues, it becomes a vested right which cannot be extinguished by legislative act. *Karl v. Bryant Air Conditioning Company,* 705 F. (2d) 164 (6th Cir. 1983).

> [A] right which has become vested is not dependent upon the common law or the statute under which it was acquired for its assertion. It has an independent existence. Consequently, the repeal of the statute or the abrogation of the common law from which it originated does not erase a vested right, but it remains enforceable without regard to the repeal.

1A Sutherland, Statutory Construction (4th Ed. 1985) Section 23.34. *See also,* 73 Am. Jur. (2d) *Statutes* Section 385; Anno. 77 ALR 1338.

In these cases, appellants' rights to recover in tort against the responsible governmental entity vested at the time they were injured. S. C. Code Ann. Sections 15-77-210 through 250 (1976) (repealed by 1986 Act No. 463, Section 2). The subsequent repeal of the statutes which granted the right to

recover could not have divested rights which vested when the injuries occurred. *South Carolina Mental Health Commission v. May, supra.* Similarly, the reenactment of sovereign immunity in the Tort Claims Act, S. C. Code Ann. Section 15-78-20(c) (Supp. 1986), could not have divested appellants' existing rights. *Hasell v. Medical Society of South Carolina, supra.*

I would reverse the order of the trial judge and remand to allow appellants' actions to proceed.

HARWELL, J., concurs.