22776

Randolph Thomas BRABHAM, Appellant v. CITY OF COLUMBIA and Lawrence Ashford, Respondents.

(360 S. E. (2d) 144)

Supreme Court

*Thomas J. Hummel,* Columbia, *for appellant.*

*Asst. City Atty. James S. Meggs,* Columbia, *for respondents.*

Heard May 6, 1987.

Decided Aug. 24, 1987.

FINNEY, Justice:

Appellant Randolph Thomas Brabham (Brabham) commenced this action against respondents City of Columbia (City) and Lawrence Ashford (Ashford) on July 2, 1986. Brabham was injured as a result of an automobile accident on May 2, 1985, involving his vehicle and a City vehicle operated by Ashford. Respondents' answer (1) admitted an accident occurred involving the parties' vehicles; (2) denied Ashford's negligence; (3) admitted Ashford was an employee acting within the scope of his employment at the time of the accident; and (4) set forth the defense of the South Carolina Tort Claims Act pursuant to § 15-78-20(c), Code of Laws of South Carolina 1976, as amended. Respondents filed a motion for summary judgment on the grounds of sovereign immunity asserting the South Carolina Tort Claims Act, § 15-78-20(c), and lack of liability insurance coverage. The trial court granted summary judgment and this appeal ensued. We affirm.

Appellant contends that under *McCall v. Batson,* 285 S. C. 243, 329 S. E. (2d) 741 (1985), he is entitled to maintain this action because the complaint was not filed until July 2, 1986. In *McCall v. Batson, supra,* issued April 18, 1985, this Court abolished the doctrine of sovereign immunity effective July 1, 1986. However, the Court permitted recovery from April 18, 1985, to July 1, 1986, to the extent of the sovereign's liability insurance coverage. On September 2, 1986, in an attempt to clarify *McCall v. Batson, supra,* this Court held in *Moore v. Berkeley County, et al.,* 290 S. C. 43, 348 S. E. (2d) 174 (1986), that the date the incident occurred was determin-

ative of the applicability of the *McCall v. Batson* decision governing sovereign immunity and recovery limitations and not the date on which the complaint is filed.

In accordance with our decision in *McCall v. Batson, supra,* and *Moore v. Berkeley County, et al., supra,* the judgement of the trial court is affirmed.

Affirmed.

GREGORY and HARWELL, JJ., and BRUCE LITTLEJOHN, Acting Associate Justice, concur.

NESS, C. J., dissents.

NESS, Chief Justice (dissenting):

I disagree with the majority, for the reasons set forth in my dissent in *Taylor v. Murphy, et al.,* 293 S. C. 316, 360 S. E. (2d) 314 (1987). Appellant is entitled to pursue recovery under the South Carolina Governmental Motor Vehicle Tort Claims Act, S. C. Code Ann. Sections 15-7-210 through 250 (1976) (Repealed by 1986 Act No. 463, Section 2), since his cause of action accrued prior to July 1, 1986.