### BEJGER *v.* ZAWADZKI.

1. STATUTES—NO VESTED RIGHT TO REMEDY CREATED BY LEGISLATURE.

   Remedy or rule of evidence, created by legislature in derogation of common law, creates no vested right to that remedy and can be taken away by repeal.

2. SAME—NO RECOVERY MAY BE HAD UNDER STATUTE REPEALED WITHOUT SAVING CLAUSE.

   Generally, when an act of legislature is repealed without saving clause, it is considered, except as to transactions past and closed, as though it never had existed.

3. ANIMALS—DOGS—STATUTES—REPEAL WITHOUT SAVING CLAUSE.

   Where 2 Comp. Laws 1915, § 7270, providing for double damages for injury resulting from dog bite and dispensing with proof that owner had knowledge of vicious propensities of dog, was repealed without saving clause while action based thereon was pending, no recovery could be had, but recovery, if any, must be had under common law. MCDONALD, SHARPE, and FEAD, JJ., dissenting.

Case-made from Wayne; Miller (Guy A.), J. Submitted April 15, 1930. (Docket No. 115, Calendar No. 34,961.) Decided October 28, 1930.

Case by Alfred Bejger, by his next friend, against Martin Zawadzki for personal injuries caused by defendant's dog. Defendant reviews judgment for plaintiff by case-made. Reversed and new trial granted.

*Ralph S. Moore,* for plaintiff.

*Frank C. Cook* and *John P. O'Hara* (*A. L. Baumann,* of counsel), for defendant.

McDonald, J. (*dissenting*). The plaintiff is 12 years of age. On August 17, 1924, he was bitten by defendant's dog, which, at the time, was without the inclosure of the owner. The declaration did not contain a common-law count, but was based on the statute, which provides for double damages and does not require a showing that the owner had knowledge of the vicious propensities of the dog. The plaintiff recovered a verdict in the sum of $1,000 and judgment was entered for double that amount by order of the court. At the close of the proofs, the defendant moved for a directed verdict on the ground that the cause of action was based on section 7270, 2 Comp. Laws 1915, which was repealed before judgment by Act No. 309, Pub. Acts 1929. The motion was denied and the case submitted to the jury.

Two questions are involved. *First,* did the court err in refusing to direct a verdict for the defendant; and, *second,* did he err in ordering a judgment for double the amount of damages found by the jury?

The statute under which the action was brought was repealed while the suit was pending. The cause of action accrued on August 17, 1924, the day of the injury. Suit was commenced November 10, 1925. Trial was had and judgment entered September 21, 1929. The repealing statute was approved May 24, 1929, and given immediate effect. On these facts, it is the defendant's contention that the repeal of the statute under which the action accrued before judgment in the pending suit terminated all proceedings therein. This contention is urged on the assumption that the statute under which the action was brought was a penal statute and was repealed without a saving clause in favor of pending suits.

The repealed statute was not a penal statute. It was penal only in its consequences. *Elliott* v. *Herz,*

29 Mich. 202. It was penal in part and remedial in part; penal as to double damages and remedial as to single damages, and the cause of action in which they might be awarded. In *Lagler* v. *Bye,* 42 Ind. App. 592 (85 N. E. 36), it was said:

"Statutes may be in part penal and in part remedial. Statutes which provide a penalty recoverable by the party aggrieved are in many cases construed as remedial as well as penal, and, in dealing with them, courts are called upon to some extent to make application of two adverse principles, *viz.,* strict construction on account of the penalty, and liberal construction to prevent the mischief sought to be deterred, and to advance the remedy thereby given in favor of the party aggrieved. 2 Lewis' Sutherland, Stat. Constr. (2d Ed.) § 532."

"And a statute may be penal in one part and remedial in another, in which case, when it is sought to enforce the penalty, it is to be considered a penal statute, and when it is sought to enforce the remedy, it is to be considered as remedial in its nature." 36 Cyc. p. 1183.

"Where there is a penal clause and a remedial clause in the same statute, the courts may place a literal construction on the penal clause, and a liberal construction on the remedial clause." 36 Cyc. p. 1173, note 64.

We will consider separately the two parts of the statute. As to the penal feature, there is no difficulty in determining the effect of the repealing statute. It is a familiar rule that the repeal of a penal statute, without a saving clause, terminates all proceedings thereunder. *Engle* v. *Shurts,* 1 Mich. 150; *Bay City & East Saginaw R. R. Co.* v. *Austin,* 21 Mich. 390.

The reason of the rule seems to be as stated by Justice GRAVES in the *Austin Case:*

"The claim of defendant in error to exact from the company and appropriate to himself a sum of money above all his damages, was not a right resting upon any principle of natural equity, or upon any idea of abstract justice, as between the parties, but a claim based solely on a legislative *dictum.*"

That the plaintiff's right to double damages was defeated by the repeal of the statute before judgment requires no further discussion.

In regard to the remedial portion of the statute, it declares that the plaintiff shall have a cause of action when certain facts exist. The repealing statute takes away this right of action and leaves him without a remedy. It will not do to say that he still has an action at common law for that action is not applicable to the facts in his case. So if the repealing statute be held to stop his pending suit, he will suffer an injustice. It is true he has no vested right in his claim for damages growing out of a tort, but he has rights and remedies which will be entirely lost if the repealing statute be given retroactive effect. Such a result should be avoided if possible. The language of Justice GRAVES in the *Austin Case* is applicable here. He says:

"As experience, however, has shown that laws operating upon past transactions and upon pending proceedings, when within the competency of the legislature, are extremely liable to disturb the course of justice and prejudice the interests of those who have acted upon the faith of legal conditions pre-existing, it is an established maxim to construe statutes as having only a prospective operation unless a contrary intent is plainly indicated."

It is a question of determining the legislative intent. The courts always presume that the legislature does not intend that its enactments shall operate harshly and unjustly. To apply this statute retroactively would have that effect. As there is nothing in or about the repealing statute indicating a contrary intent, we follow the established maxim and construe it as having only a prospective operation. Its language and purpose can be fully satisfied by so applying it.

The trial court was right in refusing to direct a verdict on the ground that all proceedings were terminated by a repeal of the statute under which the cause of action arose. He was wrong in entering a judgment for double damages.

The cause should be remanded for the entry of a judgment for single damages. The plaintiff should have costs.

SHARPE and FEAD, JJ., concurred with McDONALD, J.

WIEST, C. J. Plaintiff had, and has, a common-law right of action. After suit, and before judgment, the statute was repealed, yet, notwithstanding, plaintiff was given the benefit of it and relieved from showing that the dog was vicious, to defendant's knowledge, and had damages doubled.

My Brother disposes of the question of double damages, and my disagreement is confined to the effect of the repeal upon the rule by which the case should have been tried.

The repeal was without a saving clause. The repealed act did not supersede common-law right of action, but did eliminate proof essential to have recovery at common law. *Wojewoda* v. *Rybarczyk*, 246 Mich. 641, and cases there cited. The declara-

tion alleged that the dog was vicious and defendant knew it, and was sufficient to authorize recovery at common law upon proof of such facts. After repeal of the statute, dispensing with certain proof, such proof was again necessary to recovery. A remedy or rule of evidence, created by the legislature in derogation of the common law, creates no vested right to that remedy and can be taken away by repeal.

We are not here concerned with contract rights or remedies.

In Lewis' Sutherland Statutory Construction (2d Ed.), § 282, it is stated:

"The general rule is that when an act of the legislature is repealed without a saving clause, it is considered, except as to transactions past and closed, as though it had never existed."

And section 283:

"Rights dependent on a statute and still inchoate, not perfected by final judgment or reduced to possession, are lost by repeal or expiration of the statute."

In 25 R. C. L. p. 939, it is stated:

"A repealing statute, so far as it provides for a change in procedure, applies to actions pending. No one can claim to have a vested right in any particular mode of procedure for an enforcement or defense of his rights."

In *South Carolina* v. *Gaillard,* 101 U. S. 433, it was held:

"It is well settled that if a statute giving a special remedy is repealed without a saving clause in favor of pending suits, all suits must stop where the repeal finds them. If final relief has not been granted before the repeal went into effect, it cannot be after."

In 26 Am. & Eng. Enc. Law (2d Ed.), p. 758, the rule applicable here is stated:

"While rights of action which are expressly given by statute and do not exist outside thereof, are necessarily destroyed by a repeal, rights or causes of action which accrue to a party and indirectly depend on the statute, but which can be enforced independently thereof, are not necessarily destroyed by its repeal. *Under such circumstances the right to recover is based on the common law, not on the statute.*" (Italics are mine.)

The judgment should be reversed, and a new trial granted, with costs to defendant.

BUTZEL, CLARK, POTTER, and NORTH, JJ., concurred with WIEST, C. J.