CUSICK *v.* FELDPAUSCH.

1. STATUTES—EFFECT OF REPEAL ON ACCRUED RIGHT OF ACTION— CONSTITUTIONAL LAW.
   Repeal of statute does not take away right of action for damages which has already accrued.

2. CONSTITUTIONAL LAW—COMMON-LAW. RIGHT OF ACTION IS PROPERTY.
   Common-law right of action is property and entitled to protection.

3. SAME—STATUTORY RIGHT OF ACTION IS VESTED RIGHT.
   Statutory right of action for damage to person or property which has accrued, is vested right entitled to protection.

4. STATUTES—AMENDMENT—MOTOR VEHICLES—GUEST PASSENGERS —RULE OF SUBSTANTIVE LAW.
   Act No. 19, Pub. Acts 1929, amending Act No. 302, Pub. Acts 1915, § 29, and relieving automobile owners or drivers of liability for injury to guest passengers unless guilty of gross negligence or wilful and wanton misconduct, does not involve mere change in remedy or procedure, but provides rule of substantive law.

5. MOTOR VEHICLES—GUEST PASSENGERS—VESTED RIGHT—AMEND-
MENT OF STATUTE.

Right of action accruing and becoming vested in guest passenger
under Act No. 302, Pub. Acts 1915, § 29, by reason of in-
juries occasioned by ordinary negligence of automobile driver
was not taken away by subsequent amendment of said statute
by Act No. 19, Pub. Acts 1929 (1 Comp. Laws 1929, § 4648),
relieving automobile owners or drivers of liability for injury
to guest passengers unless guilty of gross negligence or wilful
and wanton misconduct.

6. APPEAL AND ERROR—INSTRUCTIONS—HARMLESS ERROR.

In action for personal injuries received in automobile accident
as result of alleged negligence of driver, error, if any, in
charge of court in pointing out that degree of diligence and
caution which is necessary to constitute due care changes with
changing conditions was not harmful, where negligence and
want of due care were admitted by driver when called by
plaintiff for cross-examination and not disputed by any other
testimony.

Appeal from Kent; Brown (William B.), J. Sub-
mitted January 7, 1932. (Docket No. 64, Calendar
No. 36,141.) Decided June 23, 1932.

Case by Mildred Cusick against Leo Feldpausch
and others for personal injuries received while rid-
ing as a guest passenger in defendants' automobile.
Verdict and judgment for plaintiff. Defendants ap-
peal. Affirmed.

*McAllister & McAllister,* for plaintiff.

*Rodgers & Dunn,* for defendants.

CLARK, C. J. On February 3, 1929, Leo Feld-
pausch, Jr., drove an automobile of the other de-
fendants, copartners as Feldpausch Brothers. He
drove with their permission but not for them. He
had with him the plaintiff, gratuitous guest. The
automobile skidded on ice, and turned over, and
plaintiff was injured. She had verdict and judg-
ment. Defendants have appealed.

Liability is asserted against the partners under section 29, Act No. 302, Pub. Acts 1915 (amended by Act No. 56, Pub. Acts 1927). This section was amended by Act No. 19, Pub. Acts 1929 (1 Comp. Laws 1929, § 4648). The old section 29, providing of liability of the owner of a motor vehicle driven with his express or implied consent, was "amended to read as follows." The old section was carried into the new act with the added proviso:

"That no person, transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been caused by the gross negligence or wilful and wanton misconduct of the owner or operator of such motor vehicle and unless such gross negligence or wilful and wanton misconduct contributed to the injury, death or loss for which the action is brought."

This act went into effect March 27, 1929. This suit was commenced in November, 1929, and tried in May, 1931.

There being, at common law, no right of action against the partners, owners of the automobile, it is contended that the repeal of the former statute left plaintiff without right of action against them.

The rule that where a former statute is re-enacted into a new statute it will be regarded as continuing is not applicable here because of the amendment, there being in the case neither averment nor contention of gross negligence or wilful and wanton misconduct.

A question is whether the act of 1929 is retrospective. It is wholly prospective in its language and structure. Moreover, when it became a law, plaintiff's right of action for damages to person and prop-

erty under the former statute had accrued and was in her a vested right, which the new statute did not take away.

Of vested right, the following from 2 Cooley's Constitutional Limitations (8th Ed.), p. 749:

"It would seem that a right cannot be considered a vested right, unless it is something more than such a mere expectation as may be based upon an anticipated continuance of the present general laws; it must have become a title, legal or equitable, to the present or future enjoyment of property, or to the present or future enforcement of a demand, or a legal exemption from a demand made by another."

See, also, 6 R. C. L. p. 308.

In *Lewis* v. *Railroad Co.,* 220 Pa. 317 (69 Atl. 821, 18 L. R. A. [N. S.] 279, 13 Ann. Cas. 1142), it is said:

"All authorities agree that the repeal of a statute does not take away the plaintiff's cause of action under it for damages for an injury to person or property. They rest on the sound doctrine, expressed in *Menges* v. *Dentler,* 33 Pa. 495 (75 Am. Dec. 616), * * * that the law of the case at that time when it became complete is an inherent element in it; and, if changed or annulled, the law is annulled, justice denied, and the due course of law is violated."

The above case is cited to the text of 25 R. C. L. p. 938:

"The repeal of a statute does not take away a right of action for damages which have already accrued."

The following from 36 Cyc. pp. 1225, 1226:

"The repeal of a statute does not operate to impair or otherwise affect rights that have been vested or accrued under the statute while in force; and this

rule is applicable alike to rights acquired under contracts and to rights of action to recover damages for torts."

And from 1 Lewis' Sutherland Statutory Construction (2d Ed.), § 284:

"A law can be repealed by the law-giver; but the rights which have been acquired under it while it was in force do not thereby cease. It would be an act of absolute injustice to abolish with a law all the effects which it had produced. This is a principle of general jurisprudence; but a right to be within its protection must be a vested right. It must be something more than a mere expectation based upon an anticipated continuance of the existing law. It must have become a title, legal or equitable, to the present or future enjoyment of property, or to the present or future enforcement of a demand, or a legal exemption from a demand made by another."

In *Ettor* v. *City of Tacoma,* 228 U. S. 148 (33 Sup. Ct. 428), a statute gave compensation to abutting property owners for damages due to change of grade of a street. After the right to compensation had accrued, the statute was repealed, held, the claim was not affected. See, also, *Bryson* v. *Hines* (C. C. A.), 268 Fed. 290 (11 A. L. R. 1438).

This is not a case involving a mere change in remedy or procedure, and cases cited in that regard are not in point. The statute provides a rule of substantive law. *Hawkins* v. *Ermatinger,* 211 Mich. 578. The effect of the change, if given retrospective, effect, would be to deprive plaintiff and others similarly situated of right of action. This court has recognized that a common-law right of action is property and entitled to protection. *Dunlap* v. *Railway Co.,* 50 Mich. 470; *Devlin* v. *Morse,* 254 Mich. 113. By the weight of authority, a statutory right

of action for damage to person or property, which has accrued, is a vested right and likewise to be protected.

The rule is otherwise in respect of remedy, of mere penalties, of procedure, and of rights merely inchoate or expectant. *Naudzius* v. *Lahr,* 253 Mich. 216 (74 A. L. R. 1189, 30 N. C. C. A. 179); *Bejger* v. *Zawadzki,* 252 Mich. 14.

The trial judge, in instructing of due care by the driver of the automobile toward his guest (*Hemington* v. *Hemington,* 221 Mich. 206; *Roy* v. *Kirn,* 208 Mich. 571), sought to point out that the amount or degree of diligence and caution which is necessary to constitute due care changes with changing conditions. 45 C. J. p. 693. His remarks in that regard are criticized. Even if open to criticism, which is not conceded, the remarks were not harmful, for negligence and want of due care were admitted by the driver called for cross-examination by plaintiff, of which there is no dispute, as defendants offered no testimony in their behalf. The driver testified that he drove at high speed—from Grand Rapids to the place of the accident, 47 miles, in approximately an hour—and that he knew that, because of ice, the road was in a dangerous condition for fast driving. He admitted, in effect, that to the usual perils of riding in an automobile, which must have been in the contemplation of the guest when she accepted the invitation, he added, unnecessarily, another, driving at high speed on a road which he recognized as unsafe for such driving.

No other question calls for discussion. We find no reversible error.

Judgment affirmed.

McDONALD, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.