HURT v MICHAEL'S FOOD CENTER

Docket No. 232079. Submitted November 7, 2001, at Detroit. Decided February 8, 2002, at 9:10 A.M.

Vincent Hurt and Darrell Hicks brought an action in the Wayne Circuit Court against Michael's Food Center after they were detained at the defendant's store for alleged shoplifting. Hurt alleged and sought damages for false imprisonment and assault and battery. Hicks alleged and sought damages for false imprisonment with respect to the detention, and malicious prosecution with respect to a misdemeanor larceny charged against him that was dismissed. After the parties rejected mediation awards of less than $10,000 for each plaintiff, the court, Claudia House Morcom, J., removed the case to the 36th District Court pursuant to MCL 600.641, which, at that time, allowed a circuit court to remove an action to a district court, without the consent of the parties, if it appeared to the circuit court after a pretrial hearing that the amount of damages sustained might be less than the jurisdictional limit of the district court. Consistent with a jury's verdict, the district court, John Cozart, J., entered judgments of $115,000 for Hurt and $175,000 for Hicks. The circuit court, William Leo Cahalan, J., affirmed the district court judgment for Hurt, but reversed the district court judgment for Hicks. The Court of Appeals, WAHLS, P.J., and FITZGERALD and L. P. BORRELLO, JJ., affirmed the reversal of Hick's judgment, reversed the affirmance of Hurt's judgment, and remanded the case to the district court for further proceedings. 220 Mich App 169 (1996). After the Court of Appeals decision, the Legislature repealed MCL 600.641. 1996 PA 743. The defendant moved in the district court to cap the plaintiffs' damages at the district court jurisdictional limit of $25,000. The district court, Marie Luisa Oxholm, J., denied the motion. The defendant applied for leave to file an interlocutory appeal in the circuit court. The circuit court, Daphne Means Curtis, J., denied the application. The defendant appealed to the Court of Appeals by leave granted. The Court of Appeals issued an order that stayed further proceedings in the lower courts pending the outcome of the appeal in the Court of Appeals.

The Court of Appeals *held*:

Absent a saving clause stating otherwise, a repealer that changes a mode of procedure by altering or terminating a court's jurisdiction applies to all accrued, pending, and future actions as long as it does not affect vested rights. The statute that repealed MCL 600.641 does not contain a saving clause for actions, such as this one, that were removed to the district court while MCL 600.641 was in effect. The plaintiffs' vested right to their cause of action, and their right to due process, is unaffected by the repeal of MCL 600.641 inasmuch as the opportunity to have their case heard continues in the circuit court. Accordingly, the district court no longer has jurisdiction over the plaintiffs' case.

Reversed and remanded to the circuit court.

COURTS — CIRCUIT COURT — REMOVAL OF ACTIONS TO DISTRICT COURT — JURISDICTIONAL AMOUNT.

The statute that repealed the statutory authority of a circuit court to remove an action to a district court if it appeared to the circuit court, after a pretrial hearing, that the damages sustained might be less than the jurisdictional limit of the district court has retroactive application to a case that remains pending in the district court after its removal from the circuit court pursuant to such authority before its repeal; jurisdiction over such cases now lies with the circuit court (MCL 600.641, repealed by 1996 PA 743).

*Raymond E. Willis, P.C.* (by *Raymond E. Willis*), for the plaintiffs.

*John P. Jacobs, P.C.* (by *John P. Jacobs*), for the defendant.

Before: OWENS, P.J., and HOLBROOK, JR., and GAGE, JJ.

PER CURIAM. Defendant Michael's Food Center appeals by leave granted from an order of the circuit court denying its interlocutory application for leave to appeal and stay of proceedings. This Court has stayed any further proceedings below pending the outcome of this appeal. We reverse and remand to the circuit court.

This case has a long history that began when plaintiffs Vincent Hurt and Darrell Hicks were detained by

a security guard at defendant's store in February 1983 for allegedly shoplifting a jar of peanut butter. No charges were brought against Hurt, and a misdemeanor charge of larceny under $100 brought against Hicks was later dismissed. Eventually, Hurt brought suit in the circuit court against defendant for false imprisonment and assault and battery. Hicks was later added as a party, alleging false imprisonment and malicious prosecution. Pursuant to § 641 of the Revised Judicature Act (RJA), MCL 600.641, the case was removed to the district court, and trial was held in December 1989. Following a verdict in plaintiffs' favor, the district court entered judgments of $115,000 in favor of Hurt and $175,000 in favor of Hicks. On appeal, the circuit court affirmed Hurt's judgment but reversed Hicks' judgment. This Court affirmed the reversal of Hicks' judgment, reversed the affirmance of Hurt's judgment, and remanded the case for further proceedings in the district court. *Hurt v Michael's Food Ctr, Inc*, 220 Mich App 169; 559 NW2d 660 (1996) (hereinafter *Hurt I*).

After our decision in *Hurt I*, § 641 of the RJA was repealed by the Legislature effective January 1, 1997. 1996 PA 374, § 5. Under § 641, a circuit court could remove an action to the appropriate district court without the consent of the parties if the circuit court concluded that the damages sustained were less than the statutorily established jurisdictional limitation of the district court. MCL 600.641(1). Further, a judgment to the extent demanded could lawfully be entered by the district court, even though the amount

exceeded the court's jurisdictional limitation. MCL 600.641(5).[1] MCR 4.003,[2] the court rule implementing the statute, was repealed on May 8, 1997.

---

[1] MCL 600.641 read in pertinent part:

(1) If it appears at the conclusion of a pretrial hearing on an action commenced in the circuit court that the amount of damages sustained may be less than the jurisdiction limitation as to the amount in controversy applicable to the district court, the circuit judge may remove, without the consent of the parties, the action to a district court within the county which would have had jurisdiction but for the amount of damages demanded and in which venue would have been proper. . . .

\* \* \*

(5) If the action is removed, then the verdict or judgment shall be lawful to the extent of the amount demanded, notwithstanding the jurisdiction limitation as to the amount in controversy otherwise applicable to cases commenced in the district court.

[2] MCR 4.003 read in pertinent part:

(A) Removal to District Court.

(1) The circuit court may order an action removed to the district court pursuant to MCL 600.641; MSA 27A.641 on its own initiative or on motion of a party only if

(a) it appears that the damages sustained, without regard to questions of liability, may be less than the jurisdictional limitation as to the amount in controversy applicable to the district court, and

(b) removal will expedite the trial and disposition of the action.

The court's findings under this subrule must be stated on the record or included in the order removing the action.

(2) An action may be removed only to a district in which venue would have been proper. If venue would have been proper in more than one district within the circuit, the removal order shall designate the district to which the action is removed.

\* \* \*

(E) . . . An action removed to the district court under this rule may not be transferred to the circuit court on the ground that the damages may exceed the jurisdictional limitation of the district court.

In January 2000, defendant filed a motion in the district court to cap plaintiffs' damages at the jurisdictional limit of $25,000.[3] Defendant argued in its brief in support of the motion that the repeal of § 641 meant that the district court no longer had the authority to enter a judgment in excess of its jurisdictional limitation. In the alternative, defendant requested that the case be transferred to the circuit court in which it was originally filed. Plaintiffs opposed the motion, arguing that no vehicle to send the case to the circuit court existed, and in any event, the repeal of § 641 should be given only prospective application because retrospective application would violate due process in that it would deprive them of a vested right to litigate for the total damages done. At a June 2000 hearing on the motion, the district court concluded that "after having the remand, one jury trial with a verdict in excess of twenty-five thousand dollars, legally and equitably speaking I don't think it would be appropriate" to cap the damages at $25,000. The issue of transfer was not raised by the parties or addressed by the court at the hearing, nor was it mentioned in the district court's order denying the motion.

The issue before us is whether the repeal of § 641 of the RJA should apply retroactively to cases pending but not finalized at the time of its repeal. Resolving this question requires application of the rules of statutory construction.

In general, when the Legislature repeals a statute, the right to proceed under the repealed statute is ter-

---

[3] MCL 600.8301(1).

minated for all future cases. See *Minty v Bd of State Auditors,* 336 Mich 370; 58 NW2d 106 (1953); *Cusick v Feldpausch,* 259 Mich 349; 243 NW 226 (1932). However, the repeal of a statute does not take away a vested right, which remains enforceable despite the repealer. *Cusick, supra* at 351-352. Plaintiffs argue that they have a vested right to have a trial in the 36th District Court. We disagree.

Courts have often struggled with the task of determining whether a right is vested or inchoate. As our Supreme Court has observed, "A few courts have frankly recognized that policy considerations, rather than definitions, are controlling, and have defined a vested right as a right of which the individual could not be deprived without injustice." *Wylie v Grand Rapids City Comm,* 293 Mich 571, 587; 292 NW 668 (1940).

> "In its application, as a shield of protection, the term 'vested rights' is not used in any narrow or technical sense, or as importing a power of legal control merely, but rather as implying a vested interest which it is right and equitable that the government should recognize and protect, and of which the individual could not be deprived arbitrarily without injustice." [*Id.,* quoting 2 Cooley, Constitutional Limitations (8th ed), p 745.]

Pending causes of action that accrued while a statute was in force are also considered vested rights and thus are not divested by a repeal of the statute. MCL 8.4a;[4] *Minty, supra* at 389-391; *Cusick, supra* at 351-

---

[4] The repeal of any statute or part thereof shall not have the effect to release or relinquish any penalty, forfeiture, or liability incurred under such statute or any part thereof, unless the repealing act shall so expressly provide, and such statute and part thereof shall be treated as

353.[5]

Accordingly, plaintiffs do have a vested right to have their case heard. However, they do not have a vested right to the forum in which this will occur. "No vested right can exist to keep statutory procedural law unchanged and free from amendment," *Hansen-Snyder Co v General Motors Corp*, 371 Mich 480, 485; 124 NW2d 286 (1963); "[s]o long as a substantial and efficient remedy remains or is provided [,] due process of law is not denied by a legislative change," *Crane v Hahlo*, 258 US 142, 147; 42 S Ct 214; 66 L Ed 514 (1922).[6] Absent a saving clause stating otherwise, a repealer that changes a mode of procedure by altering or terminating a court's jurisdiction applies to all

---

still remaining in force for the purpose of instituting or sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture or liability. [MCL 8.4a.]

[5] In *Bejger v Zawadski*, 252 Mich 14, 18-20; 232 NW 746 (1930), our Supreme Court quoted Sutherland Statutory Construction (2d ed), §§ 282 and 283 for the following propositions:

"The general rule is that when an act of the legislature is repealed without a saving clause, it is considered, except as to transactions past and closed, as though it never existed." [quoting Lewis' Sutherland Statutory Construction (2d ed), § 282.]

\*      \*      \*

"Rights dependent on a statute and still inchoate, not perfected by final judgment or reduced to possession, are lost by repeal or expiration of the statute." [quoting statutory Construction, *supra*, § 283.3.]

*Bejger* was decided before the enactment of MCL 8.4a. 1931 PA 25. Further, to the extent that *Bejger* conflicts with *Minty* and *Cusick*, we conclude that these later cases overruled by implication the *Bejger* Court's analysis.

[6] However, when a case has been prosecuted to its conclusion, rights in the final judgment are vested, and a subsequent repeal of the statute conferring jurisdiction on the court in which the case was heard does not undermine the legitimacy of the judgment.

accrued, pending, and future actions as long as it does not affect vested rights. *Baltimore & P R Co v Grant*, 98 US 398, 401; 25 L Ed 231 (1878) (observing "that if a law conferring jurisdiction is repealed without any reservation as to pending cases, all such cases fall with the law"); *Etefia v Credit Technologies, Inc*, 245 Mich App 466, 482; 628 NW2d 577 (2001) (stating that an amendment of a jurisdictional statute is excepted from the rule that statutory amendments apply prospectively because a jurisdictional statute is procedural in nature). 1996 PA 374 does not contain a saving clause for those cases removed to the district court under § 641 and MCR 4.003. Plaintiffs' opportunity to have their case heard in the circuit court remains, thus their vested right to the cause of action is unaffected and due process is satisfied.

The repeal of § 641 means that the district court does not have jurisdiction over this case. Because the case was originally filed in the circuit court, we remand to the circuit court for further proceedings. We do not retain jurisdiction.