BROOKS v MAMMO

Docket No. 229361. Submitted April 3, 2002, at Detroit. Decided December 20, 2002, at 9:25 A.M.

Gussie Brooks, on January 26, 1996, brought an action in the Wayne Circuit Court against Joseph Mammo and Ricky Coleman, seeking damages in excess of $10,000. On July 17, 1996, MCL 600.641 was repealed effective January 1, 1997. Section 641 had permitted the removal of causes of action filed in the circuit court to the district court, without the consent of the parties, if the district court would have had jurisdiction of the cause of action but for the amount of damages demanded in the complaint. Section 641 had further provided that a verdict or judgment in an action removed to the district court was lawful to the extent of the amount demanded, irrespective of the jurisdictional limit otherwise applicable to actions filed in the district court. At the time § 641 was repealed, MCL 600.8301 provided a jurisdictional limit of $10,000 in the district court. After a January 1997 mediation evaluation of $3,500 in favor of the plaintiff was rejected by the plaintiff and a March 1997 settlement conference, the circuit court determined that it lacked subject-matter jurisdiction and transferred the case to the district court pursuant to MCR 2.227. The defendants moved in the district court to limit the plaintiff's recovery of damages to the $10,000 jurisdictional limit of the district court. The motion was taken under advisement. A jury returned a verdict and a $50,000 award of damages to the plaintiff. The defendants renewed their motion for a $10,000 limit on damages. Effective January 1, 1998, § 8301 was amended to increase the jurisdictional limit of the district court to $25,000. On January 27, 1998, the district court granted the defendants' motion to limit damages to $10,000. The district court thereafter entered a judgment awarding the plaintiff $10,000 in damages, plus attorney fees, costs, and interest. On motion by the defendants, the district court rescinded the award of attorney fees as mediation sanctions, ruling that the transfer of the case from the circuit court to the district court rendered the mediation evaluation null and void. The circuit court, Daphne Means Curtis, J., reversed the order of the district court, concluding that the repeal of § 641 did not apply retrospectively and that the jury verdict was not required to be limited to $10,000. The circuit court also concluded

that no case law or court rule precluded the district court from awarding mediation sanctions based on mediation done in the circuit court. The Court of Appeals denied the defendants leave to appeal. The Supreme Court, in lieu of granting leave to appeal, remanded the case to the Court of Appeals for consideration as on leave granted. 463 Mich 852 (2000).

The Court of Appeals *held*:

1. The plaintiff is entitled to a judgment reflecting damages in the amount of $25,000. The repeal of § 641 applies retroactively to this case, and the district court may not now enter a judgment in excess of its current jurisdictional limit. Because the district court jurisdictional limit was $25,000 when the judgment was actually entered, the district court erred in limiting the judgment to $10,000 in damages. The circuit court also erred in determining that a judgment could be entered for $50,000 in damages.

2. The result reached by the Court of Appeals does not deprive the plaintiff of her constitutional right to trial by jury. While the plaintiff did not have a jury trial in the forum of her choosing, she did have a jury trial and the jury returned a verdict in her favor. The fact that the plaintiff is unable to recover the full amount of the verdict because the verdict exceeded the jurisdiction of the district court is not a violation of the plaintiff's due process rights because she still had available to her a substantial and efficient remedy.

3. The plaintiff is entitled to mediation sanctions. The jury verdict was not more favorable to the defendants than the mediation evaluation. When a case is transferred under MCR 2.227, the rulings of the original court become, in effect, the rulings of the new court. The new court is thus empowered to act upon the original court's orders as if the orders were its own.

Reversed and remanded to the district court for entry of a judgment in the amount of $25,000, plus costs, attorney fees, and interest.

1. COURTS — DISTRICT COURT — JURISDICTIONAL LIMIT — CASES TRANSFERRED FROM CIRCUIT COURT.

A district court presiding in an action transferred to it by a circuit court on the basis of lack of subject-matter jurisdiction regarding the amount in controversy may not, when entering its judgment, exceed the district court jurisdictional limit on damages (MCR 2.227).

2. COURTS — DISTRICT COURT — CASE EVALUATIONS — CASES TRANSFERRED FROM *CIRCUIT COURT.*

   A district court presiding in an action transferred to it by a circuit court that determined it lacked subject-matter jurisdiction may award sanctions for the rejection of an evaluation resulting from mediation ordered by the circuit court before it transferred the matter to the district court (MCR 2.227, 2.403).

*Mindell, Panzer, Malin, Kutinsky and Benson* (by *Brian A. Kutinsky*) for the plaintiff.

*Garan Lucow Miller, P.C.* (by *Daniel S. Saylor*), for the defendants.

Amicus Curiae:

*Olsman, Ganos & Mueller, P.C.* (by *Jules B. Olsman*), for Michigan Trial Lawyers Association.

Before: HOLBROOK, JR., P.J., and JANSEN and WILDER, JJ.

WILDER, J. By order of our Supreme Court in *Brooks v Mammo*, 463 Mich 852 (2000), defendants appeal as on leave granted. After a jury returned a verdict for plaintiff in the amount of $50,000, the district court entered a judgment in the amount of $17,985, reflecting the $10,000 jurisdictional limit provided by MCL 600.8301, plus costs and interest. The district court denied plaintiff's motion for attorney fees as mediation sanctions. On appeal, the circuit court reversed the district court's finding that the amount of the judgment was limited by MCL 600.8301 and that mediation sanctions were not recoverable in the district court, and ordered that a judgment should be entered in the full amount of the jury verdict, plus attorney fees, costs, and interest. We reverse and remand for entry of a judgment in the amount of $25,000, plus costs, attorney fees, and interest.

## I. FACTS AND PROCEDURAL HISTORY

This case has a straightforward factual history, but an unusual procedural history. Plaintiff was involved in a motor vehicle accident on March 28, 1995, and filed suit in the circuit court against defendants on January 26, 1996. Plaintiff's complaint sought damages in excess of $10,000.

On July 17, 1996, 1996 PA 374 took immediate effect and, in part, repealed MCL 600.641 effective January 1, 1997. MCL 600.641 permitted the removal of causes of action filed in the circuit court to the district court, without the consent of the parties, if the district court would have had jurisdiction of the cause of action but for the amount of damages demanded in the complaint. MCL 600.641(1). MCL 600.641(5) further provided that a verdict or judgment in an action removed to the district court was lawful to the extent of the amount demanded, irrespective of the jurisdictional limit otherwise applicable to actions filed in the district court. At the time this legislation passed, MCL 600.8301 provided that the jurisdictional limit of the district court was $10,000.

In January 1997, plaintiff's case received a mediation evaluation of $3,500. Defendant timely rejected this evaluation. MCR 2.403(L).[1] Shortly thereafter, the assigned circuit judge conducted a settlement conference with the parties in March 1997. The circuit court advised the parties that, in view of the mediation evaluation amount, it believed the circuit court lacked jurisdiction. After providing the parties notice and an

---

[1] In 2000, the name of the process described in MCR 2.403 was changed from "mediation" to "case evaluation." Because the parties and the trial court refer to "mediation," we will use that term for purposes of this opinion.

opportunity to be heard, the circuit court found that the circuit court lacked jurisdiction of the subject matter and ordered the case transferred to the district court pursuant to MCR 2.227.[2] Plaintiff did not appeal or otherwise challenge the transfer order, and paid a transfer fee of $125. However, plaintiff's complaint was not amended when the action was transferred.

In September 1997, the case proceeded to trial in the district court. Before trial, defendants filed a motion to limit the recovery of damages to the jurisdictional limit of $10,000. The district court took the motion under advisement. After deliberations, the jury returned a verdict in the amount of $50,000. Defendants renewed their motion to limit the recovery of damages, and the district court requested additional briefing on the question. Effective January 1, 1998, MCL 600.8301 was amended to increase the jurisdictional limit of the district court to $25,000. On January 27, 1998, the district court granted defendants' motion to limit damages to $10,000, finding that the repeal of MCL 600.641 precluded entry of a

---

[2] MCR 2.227(A)(1) provides:

> When the court in which a civil action is pending determines that it lacks jurisdiction of the subject matter of the action, but that some other . . . court would have jurisdiction . . . , the court may order the action transferred to the other court in a place where venue would be proper. If the question of jurisdiction is raised by the court on its own initiative, the action may not be transferred until the parties are given notice and an opportunity to be heard on the jurisdictional issue.

Plaintiff asserts on appeal that, before transferring the case, the circuit court did not conduct a hearing or make any determination regarding jurisdiction as required by MCR 2.227. However, the circuit court's order, titled "Order of Transfer Pursuant to MCR 2.227," was signed by counsel for both parties. Additionally, it is noteworthy that the order also states on its face that the parties had notice and an opportunity to be heard before entry of the order.

judgment in the district court greater than the original jurisdictional limit provided in MCL 600.8301. Accordingly, on May 4, 1998, the district court entered a judgment reflecting a damage award of $10,000, plus attorney fees in the amount of $5,625, costs of $1,268, and interest in the amount of $1,092.

After judgment was entered by the district court, defendants moved to amend the judgment to delete the award of attorney fees. Defendants noted that the attorney fees were awarded as mediation sanctions and that no mediation had occurred after the case was transferred to the district court. Defendants further argued that the transfer of the case to the district court rendered the mediation in the circuit court null and void, and that therefore no mediation sanctions could be awarded properly. The district court agreed, and on June 12, 1998, the district court rescinded its award of attorney fees to plaintiff.

On June 16, 1998, the Michigan Supreme Court issued Administrative Order No. 1998-1, governing reassignment of circuit court actions to district courts and applying immediately to all actions filed after January 1, 1997. The Supreme Court noted that in accordance with the repeal of MCL 600.641, it had repealed the court rule implementing the procedure established in the statute to remove matters originally filed in the circuit court to the district court, the former MCR 4.003, but that, nevertheless, some circuit courts were improperly using MCR 2.227 as a substitute for the former removal procedure. The Supreme Court therefore ordered that a circuit court was not permitted to transfer an action under MCR 2.227 unless either the parties stipulated the transfer and an amendment of the complaint to meet the jurisdictional requirements of the new venue, or the circuit

court found "to a legal certainty" that the amount in controversy was not greater than the applicable jurisdictional limit of the district court.

Plaintiff appealed the district court judgment to the circuit court, where the case was assigned to a judge different from the one who had removed the case to the district court. On May 28, 1999, the circuit court reversed the order of the district court, concluding that the repeal of MCL 600.641 did not apply retrospectively and that, therefore, in this action filed before MCL 600.641 was repealed, the jury verdict was not required to be limited to the $10,000 jurisdictional amount of the district court. The circuit court also held that because MCR 2.403 permits mediation in the district court, no case law or court rule precluded the award of mediation sanctions based on the mediation conducted in the circuit court before removal to the district court. Defendants appealed the ruling of the circuit court and this Court denied leave to appeal. However, the Michigan Supreme Court remanded this case for our consideration as on leave granted. We granted leave to the Michigan Trial Lawyers Association as an amicus curiae, to file, a brief on the questions presented.

## II. STANDARD OF REVIEW

Whether a trial court has subject-matter jurisdiction is a question of law that this Court reviews de novo. *Etefia v Credit Technologies, Inc*, 245 Mich App 466, 472; 628 NW2d 577 (2001). We also review de novo a trial court's decision to grant or deny a motion for mediation sanctions. *Cheron, Inc v Don Jones, Inc*, 244 Mich App 212, 218; 625 NW2d 93 (2000).

III. ANALYSIS

A. PLAINTIFF IS ENTITLED TO A JUDGMENT REFLECTING
DAMAGES IN THE AMOUNT OF $25,000.

The proper resolution of the first issue on appeal requires us to determine the combined effect that the repeal of MCL 600.641 and the subsequent amendment of MCL 600.8301 have on the verdict returned by the jury in this case. Plaintiff argues on appeal that because her cause of action was filed before MCL 600.641 was repealed, the district court could properly enter a judgment based on the jury verdict of $50,000 and was not required to limit its judgment to the jurisdictional limits of the district court. The amicus curiae also asserts that the repeal of MCL 600.641 does not apply to cases filed before January 1, 1997, and that its former provisions apply to permit entry of a judgment in the amount of the verdict returned by the jury in this case. Defendants contend that the repeal of MCL 600.641 prevented the district court from entering a judgment in this case in excess of $10,000. We disagree with the arguments presented by each of the parties and the amicus.

As a general rule, a new or amended statute applies prospectively unless the Legislature has expressly or impliedly indicated its intention to give it retrospective effect. *Etefia, supra* at 474. However, a remedial or procedural statute may be excepted from the general rule if it does not deny vested rights. *Id.* Similarly, "[a]bsent a saving clause stating otherwise, [the repeal of a statute to change] a mode of procedure by altering or terminating a court's jurisdiction applies to all accrued, pending, and future actions as long as it does not affect vested rights." *Hurt v Michael's Food Ctr*, 249 Mich App 687, 693-694; 644 NW2d 387 (2002),

citing *Baltimore & P R Co v Grant*, 98 US 398, 401; 25 L Ed 231 (1878) (observing "that if a law conferring jurisdiction is repealed without any reservation as to pending cases, all such cases fall with the law"). In *Hurt*, we applied these principles to conclude that the repeal of § 641 applied retroactively to cases pending, but not finalized, at the time of the repeal. *Hurt, supra* at 693-694. Here, we must conclude similarly that the repeal of § 641 applies retroactively to this case and that the district court may not now enter a judgment in excess of its jurisdictional limit.

Our inquiry cannot end here, however. As we noted above, this action was *transferred* to the district court on the finding of the circuit court that it lacked subject-matter jurisdiction. This finding was not challenged by plaintiff at the time the circuit court issued its order or in an appeal to this Court. Thus, we consider this issue to have been waived. MCR 7.203(A); MCR 7.204(A).[3] While the transfer order itself does not specify the basis on which the circuit court deter-

---

[3] Ordinarily, challenges to the subject-matter jurisdiction of a court may be raised at any time. MCR 2.116 (D)(3). A unique set of circumstances is presented, however, where, as here, a trial court erroneously declines to exercise subject-matter jurisdiction that it actually possesses rather than attempts to exercise subject-matter jurisdiction that it lacks, and the party adversely affected does not appeal that determination. We are unable to locate any reported decision in Michigan presenting this factual oddity. The amicus curiae correctly asserts in its brief that the circuit court erred in finding that it lacked jurisdiction. The remedy requested by amicus curiae, however, that we correct the circuit court error by affirming the circuit court order permitting entry of judgment in the district court in excess of its jurisdictional amount, is contrary to the holding in *Hurt*. Furthermore, the amicus curiae cites no case law to support this unusual proposition, and we will not search for any. See *Mudge v Macomb Co*, 458 Mich 87, 105; 580 NW2d 845 (1998), quoting *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959) (" 'It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims . . . and then search for authority either to sustain or reject his position.' ").

mined it lacked subject-matter jurisdiction, the parties agree that the circuit court reached this determination sua sponte upon the rendering of a mediation evaluation of less than $10,000.

Administrative Order No. 1998-1 was entered by the Supreme Court to expressly prohibit this practice, but it does not apply to this case because the order states plainly that it applies to actions filed *after* January 1, 1997. Thus, while in retrospect it may be clear that the transfer order entered by the circuit court was erroneous as a matter of law (the jury verdict of $50,000 is powerful evidence that the circuit court erred in finding that it lacked subject-matter jurisdiction), the suggestion by plaintiff and the amicus curiae that we treat this action as though § 641 had not been repealed, and permit the full amount of the jury award to stand, is precluded by our decision in *Hurt*.

A further complicating feature in this case is the fact that after the case was transferred, the complaint was not amended with respect to the amount of damages sought by plaintiff in this action. As this Court concluded in *Hurt, supra* at 694, the repeal of MCL 600.641 means that the district court does not have jurisdiction beyond the statutory limitation provided in MCL 600.8301. Thus, after the transfer of the case to the district court was completed, the district court lacked subject-matter jurisdiction of the case because the prayer for relief in the complaint sought in excess of the then existing $10,000 jurisdictional limit of the district court. While ordinarily the actions of a court lacking subject-matter jurisdiction are of no force and validity, *Trost v Buckstop Lure Co, Inc*, 249 Mich App 580, 586; 644 NW2d 54 (2002), here no challenge was made to the jurisdiction of the district court and

no judgment was entered by the district court until May 4, 1998. Thus, contrary to the argument presented by defendants, the alternative to limiting the damages award to $10,000 is not to find that the district court lacked subject-matter jurisdiction and remand for a new trial. Rather, the amendment of MCL 600.8301, increasing the subject-matter jurisdiction of the district court to $25,000 effective January 1, 1998, operated to retroactively grant subject-matter jurisdiction of the claims asserted in plaintiff's complaint. *Etefia, supra* at 474.

Accordingly, because the district court jurisdictional limit was $25,000 when the judgment was actually entered, we conclude that the district court erred in limiting the judgment on damages to $10,000 and that the circuit court also erred in finding that a judgment could be entered for damages in the amount of $50,000. Instead, a judgment corresponding both to the jury verdict and the limit of jurisdiction was appropriate. We conclude, therefore, that the district court may properly enter a judgment in the amount of $25,000 in damages.

Contrary to the position argued by plaintiff and the amicus curiae, this result does not deprive plaintiff of her constitutionally guaranteed right to trial by jury. Although plaintiff had a vested right to have her case heard, she did not have a vested right to the forum in which her case would be heard. *Hurt, supra* at 693. While plaintiff did not have a jury trial in the forum of her choosing, plaintiff did have a jury trial and the jury returned a verdict in plaintiff's favor. The fact that plaintiff is unable to recover the full amount of the verdict because the verdict exceeded the jurisdiction of the district court was not a violation of plain-

tiff's due process rights because she still had available to her a substantial and efficient remedy. *Id.*

## B. PLAINTIFF IS ENTITLED TO MEDIATION SANCTIONS.

Because the judgment entered on the jury's verdict in this case is not more favorable to defendants than the mediation evaluation in the circuit court, plaintiff asserts her entitlement to mediation sanctions. We agree. When a case is transferred under MCR 2.227, "the rulings of the original court become, in effect, the rulings of the new court." *Huber v Frankenmuth Mut Ins Co*, 160 Mich App 568, 575; 408 NW2d 505 (1987); *Little v Howard Johnson Co*, 183 Mich App 675, 677; 455 NW2d 390 (1990). The new court is thus "empowered" to act upon those orders as if the orders were its own. *Huber, supra.* Here, the case was mediated in the circuit court pursuant to an order of the circuit court. Upon the transfer of the case to the district court, the district court was empowered to enforce the result of the mediation ordered by the circuit court by applying MCR 2.403(O) as required by the return of a verdict against defendants that was not more favorable to defendants than the mediation evaluation they rejected.

## IV. CONCLUSION

For the reasons articulated above, we find that plaintiff is entitled to a damages judgment in the amount of $25,000. We further find that plaintiff may properly recover attorney fees as mediation sanctions against defendants. Accordingly, we reverse the order of the circuit court and remand to the district court for proceedings consistent with this opinion.

We do not retain jurisdiction.