ZIMMER *v.* SCHINDEHETTE.

1. JUSTICES OF THE PEACE—JURISDICTION—VOID JUDGMENT.

Judgment in tort action of $404.85 and costs rendered by justice of the peace in home rule city which had not specifically raised maximum jurisdiction of such court above $300 *held*, void as in excess of his jurisdiction, entitling defendant therein to discharge from civil arrest (Const. 1908, art. 7, § 16; Comp. Laws 1929, §§ 2264, 15228, 15979).

2. SAME—LACK OF JURISDICTION OF SUBJECT-MATTER MAY NOT BE WAIVED.

Lack of jurisdiction of justice of the peace of the subject-matter of a civil action may not be waived by defendant's appearance and pleading (Const. 1908, art. 7, § 16; Comp. Laws 1929, §§ 2264, 15979).

3. COURTS—JURISDICTION OF SUBJECT-MATTER.

Jurisdiction of the subject-matter cannot be conferred upon a court by consent of the parties, or by want of objection, where by statute none exists.

4. APPEAL AND ERROR—HABEAS CORPUS—QUESTIONS REVIEWABLE.

Sufficiency of petition for writ of *habeas corpus* in circuit court not disclosed by the record to have been attacked there as defective is not considered on appeal.

5. SAME—AFFIDAVIT FOR ATTACHMENT—RIGHT OF SHERIFF TO APPEAL—QUESTIONS REVIEWABLE.

Sufficiency of affidavit on which writ of attachment was issued and right of sheriff to appeal from order discharging civil prisoner are not considered on appeal therefrom where justice of the peace is found to have been without jurisdiction of case incident to which writ was issued.

Appeal from Bay; Houghton (Samuel G.), J. Submitted April 4, 1935. (Docket No. 61, Calendar No. 38,089.) Decided September 9, 1935. Rehearing denied December 10, 1935.

*Habeas corpus* proceedings by A. M. Zimmer, arrested on a writ of *capias ad satisfaciendum*. Peti-

tioner discharged. William G. Schindehette, sheriff, appeals. Appeal dismissed.

*Hugh K. Davidson* and *David E. Kull,* for plaintiff.

*Arthur J. Kinnane* (*Emil Anneke,* of counsel), for defendant.

NELSON SHARPE, J. William Jones filed an affidavit with a justice of the peace of the city of Bay City, stating therein that A. M. Zimmer, the plaintiff herein, was indebted to him "upon implied contract and upon tort" in the sum of $350. An attachment was issued thereon, under which a deputy sheriff took possession of certain personal property. The docket entries do not appear in the record, but from a transcript of the judgment, later secured by Jones and filed in the circuit court, it appears that on the trial of the case—"Plaintiff declared in trespass on the case especially for damages sustained in an automobile accident wherein defendant was negligent and plaintiff was free from contributory negligence. The defendant pleaded the general issue and placed a counterclaim for damages to his car," after which witnesses were sworn and a judgment rendered in favor of the plaintiff for $404.85 and costs, amounting to $14.95.

When the transcript was filed, a writ of execution was issued out of the circuit court and returned unsatisfied. Two executions against the body were thereafter issued and returned unsatisfied. On June 15, 1934, a writ of *capias ad satisfaciendum* was issued, under which Zimmer was arrested. On June 18, 1934, on petition alleging that his imprisonment was illegal, the circuit judge issued a writ of *habeas corpus,* under which Zimmer was brought

into court and, after a hearing thereon, the court found that the judgment rendered by the justice was in an amount beyond his jurisdiction and void, and entered an order discharging Zimmer. From it, the defendant, sheriff of the county, has taken this appeal.

Our State Constitution (art. 7, § 16) confers exclusive jurisdiction upon justices of the peace to the amount of $100, and concurrent jurisdiction to the amount of $300 which may be increased to $500, "with such exceptions and restrictions as may be provided by law."

Section 15979, 3 Comp. Laws 1929, contains a similar provision, but further provides—

"That nothing in this act shall decrease the jurisdiction of a justice of the peace having higher jurisdiction in civil or criminal actions under the city charter of an incorporated city."

Under 1 Comp. Laws 1929, § 2264 (a section of the home rule act for cities), any city may by its charter—"provide that the civil jurisdiction of such justice or justices *ex contractu* and *ex delicto* shall be increased to five hundred dollars with such exceptions and restrictions as are provided by law."

The present charter of Bay City, adopted in 1920 under the home rule act, provides in section 1 of article 23 that all of the provisions of law, whether general or special, applying to the jurisdiction of justices of the peace, "shall be and remain in full force and effect, except as herein otherwise provided."

Under these provisions it is clear that the judgment rendered by the justice was in excess of his jurisdiction and was void, and under the provisions of 3 Comp. Laws 1929, § 15228, it was the duty of the court to order that Zimmer be discharged.

Counsel for the defendant contend that, by his appearance and pleading in justice's court, Zimmer waived the lack of jurisdiction of the justice to try the case and render the judgment entered. Lack of jurisdiction of the subject-matter may not be waived.

"The authority is uniform that jurisdiction of the subject-matter cannot be conferred by consent of the parties, or by want of objection, upon a court, where, by statute, it has none." *Nichols* v. *Houghton Circuit Judge*, 185 Mich. 654, 666 (Ann. Cas. 1917 D, 100).

The decisions relied upon to support this contention were in cases where a defendant had conferred jurisdiction upon the circuit court by taking an appeal from a void judgment. See, *People* v. *Underwood*, 209 Mich. 348.

It is also urged that the lack of jurisdiction on the part of the justice to render the judgment was not specifically set forth in the petition on which the writ issued. The record discloses that it was relied upon on the argument before the trial court and no objection made thereto. The petition stated that Zimmer was confined "by virtue of void process upon a void judgment on transcript in the circuit court." Its sufficiency not being attacked for this reason in the trial court, we are not inclined to give it further consideration. Neither do we pass upon the sufficiency of the affidavit on which the writ of attachment was issued, nor upon the right of the sheriff to take this appeal.

The appeal is dismissed, with costs to the plaintiff Zimmer.

POTTER, C. J., and NORTH, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.