## SCHAFER *v.* KNUTH.

1. COURTS—JURISDICTION—FUND PAID INTO COURT—DISPUTE BE-TWEEN ATTORNEY AND CLIENT.

   In dispute between attorney and client over amount allowable for former's services with reference to litigation wherein a fund had been paid into circuit court in chancery by opposing litigants, such court had jurisdiction of the fund and the attorney for the party to whom the sum was awarded (Court Rule No. 4 [1933]).

2. SAME—JURISDICTION—COORDINATE COURTS.

   When a court of competent jurisdiction becomes possessed of a case, its authority continues, subject only to the appellate authority, until the matter is finally and completely disposed of and no court of coordinate authority is at liberty to interfere with its action, in order to prevent unseemly, expensive and dangerous conflicts of jurisdiction and of process.

3. SAME—JURISDICTION—IDENTITY OF TWO PROCEEDINGS.

Rule that once a court of competent jurisdiction obtains jurisdiction of a case it retains authority over the case until the matter is finally disposed of applies so as to prevent a court of coordinate jurisdiction from obtaining jurisdiction where the two proceedings have identity of parties, subject matter involved, nature of remedies and character of relief sought.

4. SAME—JURISDICTION—ATTORNEY FEES.

The circuit court in chancery has jurisdiction in case before it to inquire into the matter of services rendered by attorney for plaintiffs and to fix the fee (Court Rule No. 4 [1933]).

5. ATTORNEY AND CLIENT—FEES FOR SERVICES.

In determining the amount of an attorney fee it is proper to consider the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite properly to conduct the cause, the customary charges of the bar for similar services, the amount involved in the controversy and benefits resulting to the client from the services, and the contingency or certainty of the compensation.

6. SAME—FEE FOR SERVICES RENDERED.

In controversy between attorney and client, where attorney, faced with a difficult and delicate problem, had spent about 43 days in bitterly contested and involved proceedings to quiet title to oil-producing farm of great value for client, charged with misconduct and fraud, but who settled the proceeding without the attorney's consent and behind his back, attorney is awarded $2,150 together with expenses.

Appeal from Allegan; Miles (Fred T.), J. Submitted April 6, 1944. (Docket No. 21, Calendar No. 42,634.) Decided June 5, 1944.

Bill by Amos Schafer and wife against Milton W. Knuth and others to quiet title to real estate. On petition of plaintiffs against Glenwood C. Fuller, their attorney, for relief under Court Rule No. 4 (1933). Defendant Fuller appeals. Modified and affirmed.

*Harry Pell*, for plaintiffs.

*Leon W. Harrington,* for defendant Fuller.

BUSHNELL, J. This is an appeal by defendant, former circuit judge Glenwood C. Fuller, now an attorney at law in Grand Rapids, from a decree entered in the Allegan circuit upon a petition and complaint filed under Court Rule No. 4 (1933), by Fuller's clients, Amos Schafer and Eliese, his wife, residents of Allegan county.

Fuller was retained by Amos Schafer in 1941 in connection with difficulties concerning the lien of a certain mortgage on a farm in Hopkins township. Schafer purchased the farm in 1920 and at that time he assumed and agreed to pay a mortgage of $8,000, held thereon by his cousin Menno Schafer. After Menno Schafer's death in 1939, Amos Schafer was appointed successively special administrator and administrator of his estate and, while acting as special administrator, Amos Schafer had his deed to the farm recorded and discharged the mortgage. Heirs of Menno Schafer who had a two-thirds interest in his estate took the position that the mortgage had been improperly discharged and claimed that there was an unpaid balance of $4,000 due the estate from Amos Schafer, together with about $2,500 of accrued interest. Certain proceedings followed in the probate court for Allegan county in which Fuller represented Schafer. The opposing heirs took an appeal to the circuit court of Allegan county from the probate order ratifying and confirming the discharge of the mortgage, which appeal was later dismissed upon motion of the attorney for the contesting heirs. Subsequently, Amos Schafer and his wife, represented by Fuller, filed a bill in chancery to clear title and it is in this proceeding that this appeal arises.

About a month after Fuller had been retained Schafer paid him $100, and on July 6, 1942, Schafer

gave Fuller an assignment or order on the clerk of the Allegan court for $2,500 out of impounded funds which were to be paid into court on account of royalties for oil taken from the farm. On July 7th, a consent order was entered in the chancery cause directing the oil company to pay the funds which it had impounded to the clerk of the court, and directing the clerk to turn over all funds so paid in excess of the amount of $6,000 to Amos Schafer and his wife, and to retain the $6,000 to protect the heirs on the claimed mortgage. This order was never carried out because on July 7, 1942, Fuller was informed over the telephone, by former opposing counsel, that a settlement was going to be made between opposing counsel and the Schafers directly, and on July 13th a petition for settlement was noticed by the opposing counsel. Fuller did not appear at the hearing on the proposed settlement but a decree was entered on July 20th, in his absence, which provided, among other things:

"6. That the clerk of the court retain $2,500 in her possession to protect the firm of Fuller, Sherk & Dilley on its claim for attorney fees until the further order of the court."

As between Fuller and Schafer nothing further was done until December 18, 1942, when Fuller brought an action in the superior court of Grand Rapids against both Amos Schafer and his wife. He secured an order for service of process on Sunday and the Schafers were served on April 18, 1943. Two motions challenging the jurisdiction of the superior court were made and denied. On May 29, 1943, a petition for relief under Court Rule No. 4 was filed by the Schafers in the Allegan chancery proceedings and the order to show cause issued.

Fuller made a motion to dismiss the petition under Court Rule No. 4 on jurisdictional grounds,

which was denied, and an answer was filed and proofs taken. The circuit judge did not treat the petition as an original proceeding under Court Rule No. 4 but rather as a request to the court to investigate and make a further order under the jurisdiction reserved in paragraph 6 of its decree. After hearing the proofs the trial judge held that Fuller was entitled to $600 for his legal services which he had performed, allowed him a balance of $1.92 on his expenses, cancelled the assignment of the impounded funds and ordered the balance of $1,898.08 paid over to Amos Schafer.

Fuller now contends that the superior court acquired full jurisdiction and that the circuit court cannot oust that jurisdiction in a proceeding under Court Rule No. 4. The circuit court did, however, have prior jurisdiction. It had and retained jurisdiction of the fund under its prior decree, and it had jurisdiction of Fuller, the attorney for the plaintiff in the chancery proceeding, under Court Rule No. 4.

"It is a familiar principle that when a court of competent jurisdiction has become possessed of a case, its authority continues, subject only to the appellate authority, until the matter is finally and completely disposed of; and no court of co-ordinate authority is at liberty to interfere with its action. The principle is essential to the proper and orderly administration of the laws; and while its observance might be required on the grounds of judicial comity and courtesy, it does not rest upon such considerations exclusively, but is enforced to prevent unseemly, expensive and dangerous conflicts of jurisdiction and of process." *MacLean* v. *Wayne Circuit Judge,* 52 Mich. 257.

In the *MacLean Case* this court pointed out that:

"The matter is not one which, under the circumstances, can come under his (the circuit judge

against whom mandamus was sought) cognizance; other courts have control of the controversy with all its incidents, and have ample competency to do in respect to it whatever may remain to be done.''

See, also, *E. T. Barnum Wire & Iron Works* v. *Wayne Circuit Judge,* 59 Mich. 272, and *Bateman* v. *Railroad Co.,* 96 Mich. 441.

As stated in *Detroit Trust Co.* v. *Manilow,* 272 Mich. 211:

''This rule is subject to the limitation that the two proceedings must be in all respects identical, as to the identity of the parties, the subject matter involved, the nature of the remedies and the character of the relief sought.''

See, also, authorities there cited.

The circuit court had full jurisdiction to and did properly inquire into the matter and fix the fee.

Canon 12 of Professional Ethics adopted for the Michigan bar provides: ''In determining the amount of the fee, it is proper to consider: (1) the time and labor required, the novelty and difficulty of the questions involved and the skill requisite properly to conduct the cause; * * * (3) the customary charges of the bar for similar services; (4) the amount involved in the controversy and the benefits resulting to the client from the services; (5) the contingency or certainty of the compensation.''

In undertaking these proceedings Fuller, as attorney for Schafer, was faced with a difficult and delicate problem. His problem was primarily to clear title to an oil-producing farm of great value in bitterly contested and involved proceedings, and he was faced with difficulty in proving his position because of the rule barring the testimony of his client. His client was faced with charges of misconduct and fraud. Fuller spent approximately 43 days in the

litigation. That the results obtained were meager was primarily due to the settlement of the proceedings by his client without his consent and behind his back. This being a chancery appeal, we hear it *de novo* and we feel that a proper fee for Fuller would be the sum of $2,150, together with his expenses.

The cause is remanded for the entry of an order allowing Fuller the sum of $2,150 as fees, plus the $1.92, unpaid balance of his costs and expenses, from the fund in the hands of the clerk of the court, and directing that the balance of the fund be paid over to Amos Schafer. As so modified, the decree will be affirmed. It is so ordered, with costs to the appellant.

NORTH, C. J., and WIEST, BUTZEL, SHARPE, BOYLES, and REID, JJ., concurred. STARR, J., did not sit.