BRUWER v OAKS (ON REMAND)

Docket No. 183013. Submitted May 14, 1996, at Grand Rapids. Decided August 23, 1996, at 9:15 A.M.

Edward F. and Anita J. Bruwer brought an action in the 62-B District Court against Daniel J. Oaks, seeking forfeiture of a land contract under the summary proceedings provisions of Chapter 57 of the Revised Judicature Act, MCL 600.5701 *et seq.*; MSA 27A.5701 *et seq.* The district court, William G. Kelly, J., entered a judgment of forfeiture against the defendant. The defendant appealed to the circuit court and sought to stay execution of the district court's judgment. Following the presentation of uncontroverted evidence concerning the amount of damages, the district court stayed execution upon the defendant's posting of an appeal bond, which was to remain in effect only during the pendency of the circuit court appeal. After the Kent Circuit Court, Dennis C. Kolenda, J., affirmed the district court judgment, the plaintiffs moved in the district court for a judgment against the defendant's appeal bond to satisfy their damages attributable to the defendant's appeal. Following a hearing, the district court determined that the plaintiffs were entitled to a judgment in the amount of the appeal bond. The defendant appealed that order to the Kent Circuit Court, Dennis C. Kolenda, J., which affirmed. The defendant sought leave to appeal to the Court of Appeals, which was denied. The defendant sought leave to appeal to the Supreme Court, which, in lieu of granting leave to appeal, remanded the matter to the Court of Appeals for consideration as on leave granted. 448 Mich 859 (1995).

On remand, the Court of Appeals *held*:

1. Although district courts have subject-matter jurisdiction over all civil actions in which the amount in controversy does not exceed $10,000, MCL 600.8301(1); MSA 27A.8301(1), they also have equitable jurisdiction under MCL 600.8302(3); MSA 27A.8302(3) over cases arising under Chapter 57 of the RJA, regardless of the amount in question. Because § 8302(3) is a more specific grant of jurisdiction than the general grant of jurisdiction of § 8301(1), § 8302(3) takes precedence over § 8301(1). Because the underlying action for forfeiture of the land contract arose under the provisions of Chapter 57 of the RJA, the district court had jurisdiction to enter the judgment distributing the proceeds of the appeal bond.

2. MCR 3.604(I)(1) provides that a judgment may be entered directly against a bond that has been posted as security in an action on a showing that the condition giving rise to liability on the bond has occurred. The bond in question provided for payment of "any damages" if the defendant failed to prevail in his appeal to the circuit court and remained in effect only during the pendency of that appeal. The circuit court's affirmance of the district court's judgment in the underlying proceedings triggered both those conditions. Because the damages that the district court had already found on the basis of uncontroverted evidence, including unpaid taxes and lost fair rental value, were within the scope of the damages covered by the bond, the district court properly entered a judgment for those damages against the bond.

Affirmed.

1. COURTS — DISTRICT COURTS — EQUITABLE POWERS — APPEAL BONDS.

The provision granting district courts equitable powers with respect to summary proceedings for the recovery of real property, being a more specific grant of jurisdiction than the general grant of jurisdiction in civil matters in which the amount in controversy is less than $10,000, takes precedence over the general grant of jurisdiction; accordingly, a district court has jurisdiction to enter a judgment on an appeal bond given to stay execution of a judgment entered in a summary forfeiture proceeding even where the amount of the bond is more than $10,000 (MCL 600.8301[1], 600.8302[3]; MSA 27A.8301[1], 27A.8302[3]).

2. BONDS — JUDGMENTS.

A judgment may be entered directly against a bond that has been posted as security in an action on a showing that the condition giving rise to liability on the bond has occurred (MCR 3.604[I][1]).

*Murray & Pawlowski* (by *George E. Pawlowski*), for the plaintiffs.

*Twohey Maggini, PLC* (by *Donald H. Passenger* and *Anthony J. Valentine*), for the defendant.

ON REMAND

Before: DOCTOROFF, C.J., and NEFF and FITZGERALD, JJ.

Neff, J. On remand from the Supreme Court for consideration as on leave granted,[1] defendant appeals from an order issued by the circuit court affirming a judgment against defendant's appeal bond issued by the district court. We affirm.

I

In 1988, plaintiffs and defendant entered into a land contract by which defendant purchased some undeveloped land in Kentwood for $800,000. After several defaults and defendant's failure to make a balloon payment pursuant to the land contract, plaintiffs filed suit in the district court seeking a land contract forfeiture under the summary proceedings provisions of Chapter 57 of the Revised Judicature Act.[2] In October 1992, the district court entered a judgment of forfeiture against defendant, who then claimed an appeal. In order to stay the execution of the district court judgment, defendant moved for a stay of execution and posted an appeal bond.

After a series of hearings, and on the basis of the uncontroverted evidence concerning the amount of damages, the district court ordered defendant to post $50,000 in either cash or a corporate surety bond with the court by March 1993. The district court provided in a subsequent order that the appeal bond would be effective only during the pendency of defendant's appeal to the circuit court.

In April 1993, the circuit court issued its opinion affirming the district court's judgment in the underly-

---

[1] 448 Mich 859 (1995).
[2] MCL 600.5701 et seq.; MSA 27A.5701 et seq.

ing matter.[3] Plaintiffs then moved under MCR 3.604(I) for a judgment against defendant's appeal bond to satisfy their damages attributable to defendant's appeal. After a hearing regarding the issue, the district court determined that plaintiffs were entitled to a $50,000 judgment against defendant's appeal bond.

In June 1993, defendant filed an appeal from this order with the circuit court. The circuit court affirmed the district court's judgment, and this appeal followed.

II

Defendant first argues on appeal that because the judgment against the bond was for more than $10,000, the district court lacked subject-matter jurisdiction to enter it. We find that the district court had subject-matter jurisdiction to enter such a judgment under the circumstances of the case at hand.

A

Subject-matter jurisdiction is a question of law that this Court reviews de novo. *W A Foote Memorial Hosp v Dep't of Public Health*, 210 Mich App 516, 522; 534 NW2d 206 (1995). In Michigan, district courts have subject-matter jurisdiction over all civil matters when the amount in controversy does not exceed $10,000. MCL 600.8301(1); MSA 27A.8301(1). In addition, district courts also have equitable jurisdiction over cases, such as this one, arising under Chapter 57 of the RJA, regardless of the amount in question. MCL 600.8302(3); MSA 27A.8302(3). Thus, there appears to

---

[3] In May 1995, this Court affirmed the circuit court's decision. *Bruwer v Oaks*, unpublished opinion per curiam, issued May 30, 1995 (Docket No. 164593).

be a conflict between the two jurisdictional statutes regarding whether district courts have the jurisdiction to issue a judgment in excess of $10,000 when the case arises under Chapter 57 of the RJA.

Michigan law is clear that a more specific grant of jurisdictional power is supreme over a general grant of jurisdictional power. *Driver v Hanley,* 207 Mich App 13, 17; 523 NW2d 815 (1994). This Court has found that § 8301(1) is a general grant of jurisdictional power, and as such, it must give way to a more specific statute. *Driver, supra.* We find § 8302(3) to be specific because it grants the district court jurisdiction over a specific subject matter, namely, actions arising under Chapter 57 of the RJA. Because § 8302(3) is specific, it takes precedence over § 8301(1). *Driver, supra* at 17-18.

B

Plaintiffs' underlying action for the forfeiture of a land contract arose pursuant to the provisions of Chapter 57 of the RJA. See MCL 600.5726; MSA 27A.5726. Because the district court's action flowed from its powers arising under Chapter 57 of the RJA, its actions are within the scope of § 8302(3), and § 8301(1) is inapplicable. Therefore, the district court had jurisdiction to issue the judgment in question, and defendant's argument fails.

III

Next, defendant argues that even if the district court had subject-matter jurisdiction to issue the judgment in question, the district court did not have the authority to issue the judgment against his appeal bond absent a jury trial. We agree with the circuit

court that MCR 3.604 affords the district court the discretion to issue the type of judgment in question.

### A

Construction of a court rule is a question of law that this Court reviews de novo for error. *Saint George Greek Orthodox Church v Laupmanis Associates, PC,* 204 Mich App 278, 282; 514 NW2d 516 (1994). Court rules are construed in the same manner as statutes. *Id.* If the language of the court rule is clear, this Court should apply it as written. *Skene v Fileccia,* 213 Mich App 1, 4; 539 NW2d 531 (1995).

### B

The court rule in question provides:

> In an action in which a bond or other security has been posted, judgment may be entered directly against the surety or the security on motion without the necessity of an independent action on a showing that the condition has occurred giving rise to the liability on the bond or to the forfeiture of the security. [MCR 3.604(I)(1).]

We find the language of the court rule to be clear. It provides that, without the necessity of a separate action, a judgment may be entered against a bond or security if the moving party demonstrates that the conditions of the bond or security have been triggered.

### C

Defendant's bond stated that he would "pay any damages from the time of forcible entry, the detainer, the notice to quit, or demand for possession." This promise is conditioned on defendant's failure to prevail on appeal to the circuit court. MCR 4.201(N)

(4)(b). In addition, a subsequent bond order provided that the bond would remain in effect only until such time that the circuit court made a decision regarding defendant's appeal in the underlying action. The circuit court's affirmance of the district court's judgment in the underlying proceeding triggered both these conditions.

In accordance with MCR 3.604(I)(1), plaintiffs then moved for a judgment against the bond. At the hearing regarding plaintiffs' motion, the district court reaffirmed its previous findings with regard to plaintiffs' damages, and ordered a judgment against the bond. Because this procedure fulfilled the requirements of MCR 3.604(I)(1), we conclude that the district court did not err in issuing the judgment against defendant's bond.

D

We also conclude that the district court did not err in determining the amount of the costs it assessed against the bond. MCR 3.604(I)(1) provides that the judgment may be had against the surety for the liability stated in the bond. As noted, the bond here provided that defendant would be liable for "any damages from the time of forcible entry, the detainer, the notice to quit, or demand for possession."

The judgment against the bond included taxes owed on the property as well as fair rental value as of the date of the district court's initial judgment.[4] We find these amounts to be well within the liability as stated in the bond.

---

[4] Contrary to defendant's assertion, after our review of the record, we are convinced that the district court did not award plaintiffs their attorney fees as part of the judgment against the bond.

IV

Accordingly, we conclude that the circuit court committed no error in affirming the district court's judgment against defendant's appeal bond.

Affirmed.