CLOHSET v NO NAME CORPORATION

Docket No. 301681. Submitted May 4, 2012, at Detroit. Decided May 15, 2012, at 9:10 a.m. Leave to appeal sought.

Clarence and Virginia Clohset and No Name Corporation entered into a lease agreement for commercial premises in 1991. Geraldine and Walter Goodman obligated themselves as guarantors for No Name. No Name failed to make lease payments, and the Clohsets filed a demand for possession on No Name in the 48th District Court on October 6, 1998. On October 21, 1998, the Clohsets filed in the district court a complaint against No Name for nonpayment of rent, seeking possession of the premises and costs, but not seeking money damages, which the complaint acknowledged would exceed the district court's general statutory jurisdictional limit of $25,000. The complaint noted that money damages would be sought in a separate action in the circuit court. On November 11, 1998, the Clohsets entered into a settlement agreement with No Name and the Goodmans, stating, in part, that No Name owed the Clohsets more than $384,000, plus interest. The settlement agreement required the parties to execute consent judgments for entry, potentially, in the district court and/or the circuit court. The consent judgments were to be held by the Clohsets and one or both were to be filed in the event that No Name or the Goodmans defaulted on the settlement agreement. Upon their filing, the consent judgments would add the Goodmans as named defendants and obligate the defendants as set forth therein. The Clohsets filed the district court consent judgment and an affidavit from their attorney stating that defendants had defaulted and owed the Clohsets more than $222,000, plus additional amounts, including costs and attorney fees as outlined in the settlement agreement. The district court, Edward Avadenka, J., entered the stipulated consent judgment on October 1, 1999. On March 24, 2009, after the Clohsets and Walter Goodman had died, Phillip M. Clohset, as personal representative of the estates of Clarence and Virginia Clohset, sent Geraldine Goodman a demand letter for more than $222,000. Defendants No Name, Geraldine Goodman, and the estate of Walter Goodman, deceased, stipulated the renewal of the consent judgment, and the district court, Marc Barron, J., entered the stipulated renewal on September 15, 2009. On October 14, 2009, defendants moved to vacate the October 1, 1999, consent judgment,

alleging that the district court had lacked subject-matter jurisdiction to enter it. Plaintiff responded with a motion to transfer the matter to the Oakland Circuit Court. The district court, Marc Barron, J., denied defendant's motion to vacate the judgment and granted plaintiff's motion to transfer pursuant to MCR 2.227(A)(1), which authorizes a transfer when the transferring court determines that it lacks jurisdiction of the subject matter of the action. Plaintiff then moved for entry of the consent judgment, previously entered in the district court, in the circuit court. The circuit court, Mark A. Goldsmith, J., denied plaintiff's motion and granted defendants' countermotion to dismiss without prejudice, holding that the judgment was void for lack of subject-matter jurisdiction in the district court. After filing an amended complaint in the circuit court, asserting breach of the parties' various agreements and related equitable claims, plaintiff moved for summary disposition on his breach claims. Defendants countered with a motion for summary disposition regarding all the claims. The circuit court, Phyllis C. McMillen, J., denied plaintiff's motion, granted defendants' motion, and dismissed the matter without prejudice. Plaintiff appealed.

The Court of Appeals *held*:

1. Michigan district courts have exclusive jurisdiction, under MCL 600.8301(1), over civil matters where the amount in controversy does not exceed $25,000 and, pursuant to MCL 600.8302(1) and (3), equitable jurisdiction and authority concurrent with that of the circuit court with respect to equitable claims arising under chapter 57 of the Revised Judicature Act (RJA), MCL 600.5701 *et seq.*, which concerns summary proceedings to recover possession of premises. Because the grant of jurisdictional authority in MCL 600.8302(1) and (3) is a more specific grant than the general grant of jurisdictional power found in MCL 600.8301(1), when, as in this case, a district court's actions flow from its power arising under chapter 57 of the RJA, its actions are within the scope of MCL 600.8302(1) and (3), and MCL 600.8301(1) is inapplicable. The district court had jurisdiction over this case and erred by transferring it to the circuit court. Having properly acquired jurisdiction, the district court was obliged to render a final decision on the merits. The district court's specific jurisdiction over this case extended to the entry of the stipulated consent judgment, even though the consent judgment included an agreed-upon monetary component that, if it had been premised on the district court's general jurisdiction, would have exceeded the otherwise applicable statutory jurisdictional limit.

2. Defendants were not entitled to attack collaterally during the 2009 proceedings the consent judgment entered by the district

court on October 1, 1999. Their only option was to challenge the judgment on direct appeal or by a proper motion to alter or amend the judgment. Defendants took no action to challenge the judgment within a reasonable time, as allowed by MCR 2.612(C)(2). Plaintiff was entitled to enforce the judgment against defendants. The fact that the Clohsets' complaint did not seek money damages, and the fact that the stipulated money damages exceeded the general jurisdictional amount otherwise applicable in the district court, did not preclude enforcement of the consent judgment.

3. Even if the consent judgment was premised on an error in the exercise of the district court's jurisdiction, the error was of the parties' own making. Defendants cannot complain about an error created when they stipulated the entry of the consent judgment.

4. Because the district court had jurisdiction and improperly transferred the case to the circuit court, the circuit court had no jurisdiction to rule on plaintiff's motion to enter the consent judgment, on defendants' motion to dismiss, or on the parties' cross-motions for summary disposition, and should have transferred the case back to the district court. The judgment of the circuit court was vacated and the case remanded to the district court for the reinstatement and enforcement of the consent judgment entered on October 1, 1999.

Vacated and remanded.

1. COURTS — DISTRICT COURTS — EQUITABLE POWERS — JURISDICTION.

District courts in Michigan have exclusive jurisdiction, under MCL 600.8301(1), over civil matters where the amount in controversy does not exceed $25,000 and equitable jurisdiction and authority, under MCL 600.8302(1) and (3), concurrent with that of the circuit court with respect to claims arising under chapter 57 of the Revised Judicature Act, MCL 600.5701 *et seq.*, which concerns summary proceedings to recover possession of premises; the grant of power in MCL 600.8302(1) and (3) is a more specific grant of jurisdictional authority than the general grant of jurisdictional authority in MCL 600.8301(1) and takes precedence over the general grant of jurisdictional authority; when a district court's actions flow from its power arising under chapter 57 of the RJA, its actions are within the scope of MCL 600.8302(1) and (3), and MCL 600.8301(1) is inapplicable.

2. COURTS — SUBJECT-MATTER JURISDICTION.

Subject-matter jurisdiction is established by the pleadings and exists when the proceeding is of a class the court is authorized to adjudicate and the claim stated in the complaint is not clearly frivolous.

3. COURTS — JURISDICTION — AUTHORITY — JUDGMENTS.

Once a court of competent jurisdiction has become possessed of a case, its authority continues subject only to the appellate authority, until the matter is finally and completely disposed of, and no court of coordinate authority may interfere with its action; a matter is finally and completely resolved when a judgment is entered; a "judgment" is the final consideration and determination of a court of competent jurisdiction on the matters submitted to the court.

4. COURTS — SUBJECT-MATTER JURISDICTION — JUDGMENTS — APPEAL — COLLATERAL ATTACKS.

Once a court's jurisdiction has attached, mere errors or irregularities in the proceedings, however grave, will not render the court's judgment void, although they may render the judgment erroneous and subject to be set aside in a proper proceeding for that purpose; until the judgment is set aside, it is valid and binding for all purposes and cannot be collaterally attacked; lack of subject-matter jurisdiction may be collaterally attacked, whereas the exercise of subject-matter jurisdiction can be challenged only on direct appeal.

5. JUDGMENTS — CONSENT JUDGMENTS.

When a party approves an order or consents to a judgment by stipulation, the resultant judgment or order is binding on the parties and the court; absent fraud, mistake, or unconscionable advantage, a consent judgment cannot be set aside or modified without the consent of the parties, nor is it subject to appeal.

*Butzel Long* (by *Robert H. Schwartz, Michael J. Lavoie, David J. DeVine, Joseph E. Richotte*, and *Mary M. Mullin*) for plaintiff.

*Dykema Gossett PLLC* (by *Jill M. Wheaton* and *Kerry K. Cahill*) for defendants.

Before: K. F. KELLY, P.J., and WILDER and BOONSTRA, JJ.

BOONSTRA, J. Plaintiff, Phillip M. Clohset, appeals as of right a circuit court order denying his motion for summary disposition and granting summary disposi-

tion in favor of defendants, No Name Corporation (No Name), Geraldine K. Goodman, and the estate of Walter A. Goodman, deceased, entered on November 30, 2010. We vacate the judgment of the circuit court and remand to the district court for reinstatement and enforcement of the stipulated consent judgment entered on October 1, 1999.

The facts of this case are not in dispute. But the case presents an unusual procedural history that requires us to consider issues of (a) subject-matter jurisdiction and (b) the validity, or degree of validity, of a stipulated consent judgment entered by the district court in an amount in excess of its jurisdictional limit.

Under the unusual circumstances outlined herein, we conclude that the district court had subject-matter jurisdiction over this case and that its entry of a stipulated consent judgment was proper, without regard to the jurisdictional amount-in-controversy limit that applies under the district court's general jurisdictional authority. Moreover, having neither appealed nor properly moved to alter or amend the stipulated consent judgment, defendants could not collaterally attack it, under the circumstances presented, 10 years later. Our conclusion derives in part from the well-established maxim that a party may not properly create error in a lower court and then claim on appeal that the error requires reversal. See, e.g., *Dresselhouse v Chrysler Corp*, 177 Mich App 470, 477; 442 NW2d 705 (1989) ("A party is not allowed to assign as error on appeal something which his or her own counsel deemed proper [in the trial court] since to do so would permit the party to harbor error as an appellate parachute.").

We find that the district court erred by transferring this case to the circuit court. Further, given the jurisdiction of the district court, we find that the circuit

court erred by ruling on the merits of the case, by dismissing plaintiff's claims, and by granting summary disposition to defendants on plaintiff's claims.

I. FACTUAL AND PROCEDURAL HISTORY

This action was originally brought by Clarence and Virginia Clohset (the Clohsets). The Clohsets have since passed away and plaintiff, Phillip Clohset, has taken over as personal representative of their estates. The Clohsets and defendant No Name entered into a lease agreement for commercial premises in 1991, to which defendants Geraldine Goodman and Walter Goodman obligated themselves as guarantors for No Name. Defendant No Name subsequently failed to make its lease payments. The Clohsets filed a demand for possession on No Name in the district court on October 6, 1998, demanding possession of the premises. On October 21, 1998, they filed a complaint against No Name for nonpayment of rent, seeking possession of the premises and costs, but not seeking money damages, which the complaint acknowledged would exceed the district court's general statutory jurisdictional limit of $25,000. MCL 600.8301(1). The complaint noted that money damages would be sought in a separate action in the circuit court.

On November 11, 1998, the Clohsets entered into a settlement agreement with No Name, Geraldine Goodman, and Walter Goodman, stating, in part, that No Name owed the Clohsets $384,822.95, plus 9.5 percent interest. The settlement agreement further required the parties to execute "pocket" consent judgments for entry, potentially, in the district court and/or the circuit court. The consent judgments were to be held by the Clohsets, and one or both were to be filed in the event that No Name or the Goodmans defaulted on the

settlement agreement. Upon their filing, the consent judgments would add Geraldine Goodman and Walter Goodman as named defendants, and would obligate all defendants as set forth therein. Subsequently, the Clohsets filed the district court consent judgment, along with an affidavit from their attorney at the time, stating that defendants had defaulted and owed the Clohsets a net amount of $222,102.09, plus additional amounts, including costs and attorney fees, as outlined in the settlement agreement. The district court entered the stipulated consent judgment on October 1, 1999.[1]

Over nine years passed, during which time plaintiffs Clarence and Virginia Clohset and defendant Walter Goodman passed away, and then on March 24, 2009, plaintiff sent defendant Geraldine Goodman a demand letter for $222,102.09. Defendants stipulated with regard to a renewal of the consent judgment and the district court entered the stipulated renewal of the consent judgment on September 15, 2009. On October 14, 2009, defendants moved to vacate the original, October 1, 1999, consent judgment on the ground that the district court had lacked subject-matter jurisdiction to enter it. Plaintiff responded by moving to transfer the proceedings to the circuit court. The district court denied defendants' motion to vacate the judgment, granted plaintiff's motion to transfer (while striking proposed language that would have found a lack of subject-matter jurisdiction), and transferred the case to the circuit court pursuant to MCR 2.227(A)(1) (which authorizes a transfer only when the transferring court "determines that it lacks jurisdiction of the subject matter of the action").

---

[1] On October 12, 1999, and February 23, 2000, the parties entered into an Amendment and a Second Amendment of the settlement agreement, respectively, and thereby reaffirmed their assent to the terms of the settlement agreement, including, but not limited to, the entry of the consent judgments.

Plaintiff then moved for entry of the consent judgment (previously entered in the district court) in the circuit court. The circuit court denied that motion, holding that the judgment was void for lack of subject-matter jurisdiction in the district court, dismissed the case without prejudice, and permitted plaintiff to file an amended complaint. After filing an amended complaint asserting breach of the parties' various agreements and related equitable claims, plaintiff moved for summary disposition on his breach claims only, and defendants countered with a motion for summary disposition on all of plaintiff's claims, both contract-based and equitable. The circuit court granted summary disposition in favor of defendants and dismissed plaintiff's claims.

Plaintiff claims on appeal that the circuit court erred by denying his motion to enter the consent judgment in the circuit court, by dismissing his initial claims, and by later denying summary disposition to plaintiff and granting summary disposition to defendants.

## II. STANDARD OF REVIEW

This Court reviews a trial court's decision whether to enter a consent judgment for an abuse of discretion. Cf. *Vestevich v West Bloomfield Twp*, 245 Mich App 759, 763; 630 NW2d 646 (2001) ("This Court reviews for abuse of discretion a trial court's decision on a motion to set aside a consent judgment."). "An abuse of discretion occurs when the trial court chooses an outcome falling outside the range of principled outcomes." *Edry v Adelman*, 486 Mich 634, 639; 786 NW2d 567 (2010), citing *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003), clarification den 469 Mich 1224 (2003). A motion under MCR 2.116(C)(8) tests the legal sufficiency of a claim by the pleadings alone. *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999).

The motion should be granted only when the plaintiff's claims are " 'so clearly unenforceable as a matter of law that no factual development could possibly justify recovery.' " *Id.* (citation omitted). Likewise, a motion made under MCR 2.116(C)(9) tests the legal sufficiency of a defense. *BC Tile & Marble Co, Inc v Multi Bldg Co, Inc*, 288 Mich App 576, 582; 794 NW2d 76 (2010). The motion should be granted only when " ' "the defendant's pleadings are so clearly untenable that as a matter of law no factual development could possibly deny the plaintiff's right to recovery." ' " *Price v High Pointe Oil Co, Inc*, 294 Mich App 42, 50; 817 NW2d 583 (2011), lv gtd 491 Mich 870 (2012), quoting *USA Cash #1, Inc v Saginaw*, 285 Mich App 262, 265-266; 776 NW2d 346 (2009), quoting *Slater v Ann Arbor Pub Sch Bd of Ed*, 250 Mich App 419, 425-426; 648 NW2d 205 (2002). We review de novo a trial court's grant of summary disposition on the basis of legally insufficient pleadings. *Maiden*, 461 Mich at 118. A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Liparoto Constr, Inc v Gen Shale Brick, Inc*, 284 Mich App 25, 29; 772 NW2d 801 (2009). When deciding a motion for summary disposition under this subrule, a court must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence submitted in the light most favorable to the nonmoving party. *Corley v Detroit Bd of Ed*, 470 Mich 274, 278; 681 NW2d 342 (2004). We review de novo a trial court's decision on a motion under this subrule. *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008). The underlying question of whether a court had subject-matter jurisdiction is a question of law that this Court reviews de novo. *Elba Twp v Gratiot Co Drain Comm'r*, 294 Mich App 310, 320; 812 NW2d 771 (2011).

III. ANALYSIS

Although plaintiff does not argue that the district court had subject-matter jurisdiction to enter the consent judgment, and does not challenge defendants' right to have collaterally attacked the judgment 10 years later or the circuit court's holding that the judgment was void *ab initio*, a discussion of these issues is necessary before proceeding with the parties' arguments on appeal. This Court generally does not address issues not raised by the parties on appeal. See *Mayberry v Gen Orthopedics, PC*, 474 Mich 1, 4 n 3; 704 NW2d 69 (2005). However, "[a]ll courts 'must upon challenge, or even sua sponte, confirm that subject-matter jurisdiction exists . . . .' " *Bezeau v Palace Sports & Entertainment, Inc*, 487 Mich 455, 479 n 2; 795 NW2d 797 (2010) (YOUNG, J., dissenting), quoting *Reed v Yackell*, 473 Mich 520, 540; 703 NW2d 1 (2005) (opinion by TAYLOR, C.J.). Further, this Court is empowered to "enter any judgment or order or grant further or different relief as the case may require . . . ." MCR 7.216(A)(7).

A. THE DISTRICT COURT HAD SUBJECT-MATTER JURISDICTION AND ERRED BY TRANSFERRING THE CASE TO THE CIRCUIT COURT

District courts in Michigan have exclusive jurisdiction over civil matters where the amount in controversy does not exceed $25,000. MCL 600.8301(1). In addition, district courts have "equitable jurisdiction and authority concurrent with that of the circuit court" with respect to equitable claims arising under chapter 57 of the Revised Judicature Act (RJA), MCL 600.5701 *et seq.* MCL 600.8302(1) and (3).

This Court previously has held that MCL 600.8302(1) and (3) provide a "more specific" grant of jurisdictional authority than the "general grant of jurisdictional power" found in MCL 600.8301(1). *Bruwer v Oaks (On*

*Remand)*, 218 Mich App 392, 396; 554 NW2d 345 (1996), citing *Driver v Hanley*, 207 Mich App 13, 17-18; 523 NW2d 815 (1994). "Because § 8302(3) is specific, it takes precedence over § 8301(1)." *Bruwer*, 218 Mich App at 396, citing *Driver*, 207 Mich App at 17-18. Where a "district court's action flowed from its power arising under Chapter 57 of the RJA, its actions are within the scope of § 8302(3), and § 8301(1) is inapplicable." *Bruwer*, 218 Mich App at 396.

The Court in *Bruwer* faced an apparent "conflict between the two jurisdictional statutes regarding whether district courts have the jurisdiction to issue a judgment in excess of [the then-existing statutory limit of] $10,000 when the case arises under Chapter 57 of the RJA." *Id.* Resolving that apparent conflict in favor of the district court's exercise of jurisdiction under the circumstances presented, this Court held in *Bruwer* that a district court "had jurisdiction to issue" a $50,000 judgment on an appeal bond, in an action for "land contract forfeiture under the summary proceedings provisions of Chapter 57 of the [RJA]." *Id.* at 394, 396.

While it is true that a judgment entered by a court that lacks subject-matter jurisdiction is void, *Altman v Nelson*, 197 Mich App 467, 472-473; 495 NW2d 826 (1992), subject-matter jurisdiction is established by the *pleadings* and exists "when the proceeding is of a class the court is authorized to adjudicate and the claim stated in the complaint is not clearly frivolous." *In re Hatcher*, 443 Mich 426, 444; 505 NW2d 834 (1993); see also *Grubb Creek Action Comm v Shiawassee Co Drain Comm'r*, 218 Mich App 665, 668; 554 NW2d 612 (1996), citing *Luscombe v Shedd's Food Prod Corp*, 212 Mich App 537, 541; 539 NW2d 210 (1995) ("A court's subject-matter jurisdiction is determined only by reference to the allegations listed in the complaint.").

Because subject-matter jurisdiction is determined by reference to the pleadings, and because the complaint filed by the Clohsets in the district court invoked the district court's specific jurisdiction under MCL 600.8302(1) and (3) and chapter 57 of the RJA, that specific jurisdictional grant takes precedence over the more general jurisdictional grant found in MCL 600.8301(1), which is inapplicable here. See, *Bruwer*, 218 Mich App at 396. The district court accordingly had jurisdiction over this case.

Having properly acquired jurisdiction, the district court was obliged to render a final decision on the merits. " '[W]hen a court of competent jurisdiction has become possessed of a case, its authority continues, subject only to the appellate authority, until the matter is finally and completely disposed of; and no court of co-ordinate authority is at liberty to interfere with its action.' " *Schafer v Knuth*, 309 Mich 133, 137; 14 NW2d 809 (1944), quoting *Maclean v Wayne Circuit Judge*, 52 Mich 257, 259; 18 NW 396 (1884). A matter is finally and completely resolved when a judgment is entered. "A judgment is defined as the final consideration and determination of a court of competent jurisdiction on the matters submitted to it." 6A Michigan Pleading & Practice (2d ed, 2003), § 42:1, p 235. In other words, once a court acquires jurisdiction, unless the matter is properly removed or dismissed, that court is charged with the duty to render a final decision on the merits of the case, resolving the dispute, with the entry of an enforceable judgment.

Consistent with *Bruwer*, and with its authority and obligation to render a judgment on a matter properly before it, the district court's specific jurisdiction over this case extended to the entry of a stipulated consent judgment presented by the parties, even though that

consent judgment included an agreed-upon monetary component that, if it had been premised on the district court's general jurisdiction, would have exceeded the otherwise applicable statutory jurisdictional limit.[2] The district court thus erred by granting plaintiff's motion to transfer the case to the circuit court.[3]

### B. DEFENDANTS CANNOT COLLATERALLY ATTACK THE AGREED-UPON CONSENT JUDGMENT

When defendants defaulted on the settlement agreement, the Clohsets entered a consent judgment in the district court, in part for the $222,109.09 net amount then owed by defendants. This amount clearly exceeded the district court's general jurisdictional limit, if it applied here (which we find it did not[4]).

Even assuming arguendo that this monetary component of the stipulated consent judgment exceeded the district court's authority, defendants still could not properly collaterally attack the entry of that judgment. As the Michigan Supreme Court explained in *Bowie v Arder*, 441 Mich 23, 49; 490 NW2d 568 (1992), quoting *Jackson City Bank & Trust Co v Fredrick*, 271 Mich 538, 545; 260 NW 908 (1935) (citation omitted):

---

[2] The fact that the Clohsets' district court complaint sought only equitable relief did not preclude the inclusion of monetary relief in the consent judgment. As MCR 2.601(A) provides, "every final judgment may grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded that relief in his or her pleadings."

[3] We also are unaware of any published authority in Michigan that would sanction the "post-verdict" transfer of a case to the circuit court merely for *entry* of a judgment, much less (as here) for further proceedings 10 years *after* the entry of a judgment, and the unpublished authority, to the extent applicable, is disfavorable of such a transfer.

[4] As noted already in this opinion, the district court's general jurisdictional limit is "inapplicable" where, as here, the district court proceeds pursuant to its specific jurisdictional grant under chapter 57 of the RJA.

" ' "Want of jurisdiction must be distinguished from error in the exercise of jurisdiction. Where jurisdiction has once attached, mere errors or irregularities in the proceedings, however grave, although they may render the judgment erroneous and subject to be set aside in a proper proceeding for that purpose, will not render the judgment void, and until set aside it is valid and binding for all purposes and cannot be collaterally attacked." ' "

In other words, "lack of subject matter jurisdiction can be collaterally attacked[, whereas] the exercise of that jurisdiction can be challenged only on direct appeal." *In re Hatcher*, 443 Mich at 439. See also MCR 7.101(A)(2) ("An order or judgment of a trial court reviewable in the circuit court may be reviewed only by an appeal.").

Here, for the reasons noted, there was no "want of jurisdiction." Rather, and because the district court had jurisdiction, it could at most be argued that the court erred in the "exercise of jurisdiction." Accordingly, as articulated in *Bowie* and *Jackson*, defendants were not entitled to attack this judgment collaterally during the 2009 proceedings; their only option, if any, was to challenge the error on direct appeal[5] or by a proper motion to alter or amend the judgment. Defendants took no such actions within the time allowed.[6] As a result, the original consent judgment, which was filed in

---

[5] We recognize that an appeal as of right may not have been available to the parties with regard to the consent judgment, since they did not reserve the right of appeal in the consent judgment itself. *Travelers Ins v U-Haul of Mich, Inc*, 235 Mich App 273, 278 n 4; 597 NW2d 235 (1999), citing *Vanderveen's Importing Co v Keramische Industrie M deWit*, 199 Mich App 359; 500 NW 2d 779 (1993). This merely highlights the fact that defendants failed to preserve any right of appeal by which to properly challenge the entry of the consent judgment.

[6] Although defendants ultimately moved to vacate the October 1, 1999, consent judgment, they did not do so until October 14, 2009, over 10 years later. MCR 2.612(C)(2) provides that a motion to set aside a judgment as "void" must be made within a reasonable time. See also *Laffin v Laffin*, 280 Mich App 513, 521 n 1; 760 NW2d 738 (2008)

the district court on October 1, 1999, was valid, although arguably then voidable (not void) by proper and timely appeal or motion, and neither having occurred, the stipulated renewal of the consent judgment, filed in the district court in 2009, preserved the continued validity of the consent judgment. Plaintiff is therefore entitled to enforce the judgment against defendants.

This conclusion is not negated by the fact that the consent judgment provided stipulated relief that was different in kind from that initially requested in the district court complaint, nor by the fact that the monetary amount of the stipulated damages exceeded the general jurisdictional limit of the district court. For the reasons noted, the district court had specific subject-matter jurisdiction under chapter 57 of the RJA, and the general jurisdictional limit thus was "inapplicable." See, e.g., *Bruwer*, 218 Mich App at 396.

Moreover, "[a] consent judgment is different in nature from a judgment rendered on the merits because it is primarily the act of the parties rather than the considered judgment of the court. *No pleadings are required to support an agreed or negotiated judgment. Consequently, a judgment by consent is distinct from a judgment rendered by the court after trial.*" 46 Am Jur 2d, Judgments, § 184, p 528 (2006) (emphasis added). Consent decrees differ from typical judgments because the "voluntary nature of a consent decree is its most fundamental characteristic." *Local No 93, Int'l Ass'n of Firefighters, AFL-CIO, CLC v City of Cleveland*, 478 US 501, 522; 106 S Ct 3063; 92 L Ed 2d 405 (1986) (the agreement of the parties "serves as the source of the court's authority to enter any judgment at all"). See also *Goldberg v Trustees of Elmwood Cemetery*, 281

---

(applying the rule to a consent judgment). Defendants' 10-year delay was not reasonable under the circumstances of this case.

Mich 647, 649; 275 NW 663 (1937) ("A judgment by consent *cannot* ordinarily be set aside or vacated by the court without consent of the parties thereto for the reason it is not the judgment of the court but the judgment of the parties.");[7] *Walker v Walker*, 155 Mich App 405, 406; 399 NW2d 541 (1986) ("When a party approves an order or consents to a judgment by stipulation, the resultant judgment or order is binding upon the parties and the court. Absent fraud, mistake or unconscionable advantage, a consent judgment cannot be set aside or modified without the consent of the parties, nor is it subject to appeal.") (citations omitted).

Accordingly, the fact that the Clohsets' complaint did not seek money damages, and the fact that the stipulated money damages (as set forth in the consent judgment) exceeded the general jurisdictional amount otherwise applicable in the district court, does not preclude enforcement of the consent judgment.

C. HAVING CREATED THE ALLEGED ERROR IN THE ENTRY OF THE CONSENT JUDGMENT, DEFENDANTS MAY NOT HARBOR THAT ALLEGED ERROR AS AN APPELLATE PARACHUTE

As noted at the outset of this opinion, it seems fundamental that a party may not properly create error in a lower court, and then claim on appeal that the error requires reversal. See, e.g., *Dresselhouse*, 177 Mich App at 477 ("A party is not allowed to assign as error on appeal something which his or her own counsel deemed proper [in the trial court] since to do so would permit the party to harbor error as an appellate parachute.").

---

[7] The Supreme Court in *Goldberg* noted that "a consent decree, in order to be valid, must come within the jurisdiction of the court and cannot confer jurisdiction where the law confers none." *Id.* Here, however, the parties' consent judgment did not "confer jurisdiction where the law confers none." Rather, as noted, the district court possessed specific subject-matter jurisdiction pursuant to chapter 57 of the RJA.

Here, defendants stipulated to the entry of the consent judgment. The district court relied on that stipulation in entering the consent judgment on October 1, 1999. Even assuming arguendo that the consent judgment was premised on an error in the exercise of the district court's jurisdiction, that error was of the parties' own creation. Having created that error by stipulating to the entry of the consent judgment, defendants cannot now be heard to complain about that alleged error. To sanction such an argument would be to permit defendants to harbor their own error as an "appellate parachute," which we decline to do.

### D. PLAINTIFF MAY ENFORCE THE CONSENT JUDGMENT ACCORDING TO ITS TERMS

We are cognizant of the fact that, generally speaking, a district court cannot enter a judgment that exceeds its jurisdictional limit. See, e.g., *Zimmer v Schindehette*, 272 Mich 407, 409; 262 NW 379 (1935) (a judgment rendered by a justice of the peace held void where it was in an amount in excess of the justice's jurisdiction); *Krawczyk v DAIIE*, 117 Mich App 155, 163; 323 NW2d 633 (1982), rev'd in part on other grounds 418 Mich 231 (1983) (a judgment awarded in the district court exceeding the then-existing jurisdictional limit of $10,000 not invalid, provided that amounts in excess of the jurisdictional limit can be attributed to costs, attorney fees, and interest, or that the case represents an exception, specified by statute, that would permit the court to render a judgment over the jurisdictional amount).

However, we find that general rule to be inapplicable to the circumstances presented here. In the cited cases, the plaintiffs' claims fell within the general jurisdiction of the court, and the judgments in those cases were thus

constrained by the amount-in-controversy limitations of the courts' general jurisdiction. By contrast, the Clohsets' claims fell within the district court's specific jurisdiction under chapter 57 of the RJA, and those general jurisdictional limits were thus "inapplicable." See, e.g., *Bruwer*, 218 Mich App at 396.

Even assuming arguendo that the general jurisdictional limit applied, it might at most be argued that the monetary amount of the consent judgment in excess of the $25,000 general jurisdictional limit (plus interest, costs, and attorney fees) was not recoverable, not that the entirety of the judgment was void. This was the result, for example, in *Brooks v Mammo*, 254 Mich App 486, 496; 657 NW2d 793 (2002), where this Court limited the plaintiff's recovery to the district court's $25,000 general jurisdictional limit.

But the circumstances in *Brooks* were in any event unusual and largely inapplicable here. In *Brooks*, the plaintiff had brought suit in the circuit court for an amount in excess of the then applicable $10,000 district court general jurisdictional limit. Following a mediation evaluation of $3,500, the circuit court transferred the case to the district court, which held a jury trial that resulted in a jury verdict in the plaintiff's favor in the amount of $50,000. As of the trial date, former MCL 600.641 (which is not at issue here, but which had permitted the removal of circuit court actions to the district court even where the amount in controversy otherwise would preclude it, and which further made lawful subsequent jury verdicts in excess of the otherwise applicable jurisdictional limit) had been repealed. Before the judgment was entered on the jury verdict in the district court, the jurisdictional limit of the district court also had been increased to $25,000. This Court thus was

compelled "to determine the combined effect that the repeal of MCL 600.641 and the subsequent amendment of MCL 600.8301 have on the verdict returned by the jury in this case." *Brooks*, 254 Mich App at 493. This Court held that, under the circumstances presented, the plaintiff was entitled to a damages judgment, but neither in the amount of the jury verdict nor the amount of the district court's jurisdictional limit at the time of trial. Rather, the plaintiff was entitled to damages in the amount of the newly increased $25,000 jurisdictional limit.

Even if *Brooks* were applicable here, it would not void the consent judgment. Rather, it would only limit the recoverability of the judgment to the amount of the district court's general jurisdictional limit of $25,000 (plus interest, costs, and attorney fees).[8] As noted, however, we find that in light of the district court's

_____

[8] Even if the enforceability of the district court consent judgment were so limited (which we expressly do not find), the settlement agreement does not on its face appear to set any time limit for the entry of either version of the consent judgment. Therefore, even under defendants' reading of the settlement agreement (i.e., that the waiver of defenses found in section VI of the settlement agreement related not to a later filing of a suit for breach of the settlement agreement, but rather to the *entry* of judgment), it appears (absent enforcement of the consent judgment in the district court) that defendants have waived any defenses to the entry of the circuit court consent judgment, should plaintiff proceed to file it. This is because the settlement agreement states that the waiver of defenses relates to the "entry of either or both" forms of the consent judgment, i.e., the version prepared for entry in the district court and the version prepared for entry in the circuit court. While only the former has to date been filed, the settlement agreement provides that, in the event of a default: (a) plaintiff may file the district court version of the consent judgment "and/or" the circuit court version; (b) defendants are obliged to "consent to all steps necessary to effectuate the entry of either or both" such versions; and (c) defendants' waiver of defenses relates to the entry of "either or both" versions of the consent judgment.

specific jurisdiction in this case, the general jurisdictional limit was inapplicable.

### E. THE CIRCUIT COURT ERRED BY RULING ON THE MERITS

Because the district court had jurisdiction over this case and improperly transferred the case to the circuit court, the circuit court was completely without jurisdiction to rule on plaintiff's motion to enter the consent judgment, on defendants' motion to dismiss or, later, on the parties cross-motions for summary disposition. Accordingly, the circuit court erred by ruling on those motions, and should instead have transferred the case back to the district court pursuant to MCR 2.227.

Having reached the above conclusions, we need not address plaintiff's remaining arguments on appeal.[9]

_____

[9] The Court notes that, while not necessary to its decision in this case, it is unpersuaded in any event that plaintiff lacked proper alternative claims for breach of the settlement agreement, breach of the consent judgment, or otherwise, or that those claims would be barred by the applicable statute(s) of limitations, or otherwise. Therefore, absent enforcement of the consent judgment, plaintiff may still have a valid cause of action, in an appropriate court, for those alternative claims.

In that regard, this Court is compelled to note that it is particularly troubled that, in contesting plaintiff's argument that they waived the statute of limitations defense, and while accusing plaintiff of a "blatant mischaracterization" of the settlement agreement, defendants have used an ellipsis to categorically alter the meaning of the waiver provision of the settlement agreement. Rather than *preserving* "substantive defenses," as defendants suggest, the actual language of the settlement agreement confirms that such defenses are *waived*. This Court makes no judgment at this juncture regarding whether defendants made this representation intentionally or merely in error. The Court additionally notes that the statute of limitations is not, as defendants suggest, a "substantive" defense, but rather is a "procedural one," so that it would have been waived even under defendants' errant reasoning. *Staff v Johnson*, 242 Mich App 521, 531; 619 NW2d 57 (2000).

### IV. CONCLUSION

We vacate the judgment of the circuit court and remand to the district court for reinstatement and enforcement of the consent judgment. We do not retain jurisdiction.

K. F. KELLY, P.J., and WILDER, J., concurred with BOONSTRA, J.